Hiram A. Furst v. Jacob B. Pease.

[52 South. 257.]

Replevin. *Defendant's bond.* Code 1906, § 4222. *Estoppel to deny possession.*

Where a writ of replevin was levied upon the property sued for and the defendant, under Code 1906, § 4222, authorizing him to do so, executed bond for its forthcoming to satisfy the judgment of the court, and the possession of the property was thereupon surrendered to him, he thereby admitted that he had possession of the property when it was seized by the officer and is estopped to deny that he had possession of it or any part of it.

From the circuit court of Bolivar county.

Hon. James M. Cashin, Judge.

Pease, appellee, was plaintiff in the court below; Furst, appellant, was defendant there. From a judgment for the plaintiff the defendant appealed to the supreme court. The facts, as stated by Anderson, J., are as follows:—

"The appellee sued the appellant in replevin before a justice of the peace of Bolivar county for a soda fountain and apparatus. Pease recovered judgment, and Furst appealed to the circuit court, where there was a trial had and judgment ren-

dered in favor of the appellee, Pease, for the soda fountain; the court-giving a peremptory charge to the jury to find a verdict for the plaintiff, Pease. From that judgment, Furst prosecutes an appeal to this court.

The defense sought to be made by Furst was that he only had in his possession one piece of the soda fountain, the carbonator, which he stated in his testimony he offered to deliver to Pease. The affidavit for replevin described each item of the property sued for and the value of the same. The writ of replevin and the officer's return on same describes it in the same manner. When the writ of replevin was levied, the defendant, Furst, executed a forthcoming bond for the property, in which it is described exactly as in the affidavit, writ, and return of the officer; and in the appeal bond to the circuit court, given by Furst, the same description of the property is set out. The forthcoming bond has the usual condition, by which Furst and his sureties obligate themselves to have the property forthcoming at the trial of the case."

*Fontaine & Jones,* for appellant.

There is absolutely no evidence in this record to show that appellant had possession of any of the articles concerned except the carbonator; on the contrary the evidence conclusively shows that appellant did not have possession of the rest of the property; yet in the face of all this the trial court granted appellee a peremptory instruction on the question of liability.

This instruction was given on the sole ground that in making his forthcoming bond before the justice, appellant estopped himself from proving that he did not have possession of the property; but the vital fault of this theory is easily discernible by noting the language of the bond, and noting that the obligor nowhere admits possession. All he does is to bind himself to pay appellee three hundred and eighty dollars unless the obligor

shall have the property before the court to satisfy its judgment.

As every man is bound to act and speak according to the truth of the case, the law presumes that he has done so, and will not allow him to contradict so reasonable a presumption. This is the foundation of the doctrine of estoppel. The truth is deemed to be shown by what estops. Herman on Estoppel, § 4.

*Marcus L. Kaufman* and *Potter & Thomson,* for appellee.

Learned counsel for appellant contends that there is no evidence in this record to show that appellant had possession of any of the articles except the carbonator. In this statement, counsel for appellant is mistaken. In the first place, there is the affidavit of the plaintiff in the lower court that the defendant had possession, of each of the articles, the same being mentioned by names and their value being set forth; secondly, the officer's return endorsed upon the writ shows that he had levied on each of these articles in the possession of appellant; thirdly, the appellant gave bond for the possession of each of the articles; fourthly, one witness testified that appellant was in possession of the articles, saying however, that the tumbler washer had become misplaced about the store. The officer who made the return testified as to its correctness, and lastly, the appellant himself, admitted that he claimed a right to it, but when asked about the various parts of the fountain taken separately, he disclaimed any knowledge except as to the carbonator.

On giving the statutory bond the appellant was allowed the advantage of keeping the possession of the goods, during the pendency of the suit, and by this bond he admitted the possession of the goods and promised to deliver the same to abide the judgment of the court. By this solemn obligation he enjoyed the privilege of retaining the goods, and therefore was estopped to set up in the court below that the goods were not in his possession.

A recital in a bond concludes the parties as an admission of the facts recited. *Haley v. Newton,* 98 Mich. 228. A defendant in replevin may, by his conduct in pointing out the property levied upon, and bonding it without objection, estop himself from claiming after trial that the levy was not made upon the property for which the suit was brought. *Tennison v. Silverberg,* 77 Miss. 750. In the case at bar, the return shows that the articles in controversy in the hands of the appellant, and bonding them without objection, certainly estops him from setting up in the trial that he did not receive the goods.

Anderson, J., after stating the facts as above, delivered the opinion of the court.

The court below committed no error in charging the jury peremptorily to find a verdict for the appellee, Pease. In view of the recital in the forthcoming bond executed by Furst, admitting possession of the property sued for, he will not be heard to deny that he had possession of it at the time of the institution of the replevin suit and the service of the writ. The recital in the forthcoming bond operates as an estoppel upon him to deny the possession of the property. It is an admission, in most solemn form, of the possession of the property by him. It was held in *Healy v. Newton et al.,* 96 Mich. 228, 55 N. W. 666, that "a recital in a supersedeas bond given by a log owner on the rendition of judgment against the principal debtor, which is made a lien on the logs, that a personal judgment has been rendered against the log owner, concludes him and his sureties in a suit on the bond as an admission of that fact." The general rule is: A recital in a bond concludes the parties as an admission of the facts recited.

*Affirmed.*