SCHNEIDER *v.* BERRY.

(Division B.   Oct. 22, 1934.)

[157 So. 91.   No. 31240.]

**Elliott Parker**, of Houston, for appellant.

**C. A. Bratton,** of Pontotoc, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant was plaintiff in the court below and sued out a writ of replevin for certain property sold by him to the appellee for the conduct of a beauty shop in Houston, Mississippi. The affidavit of replevin alleged that the property was wrongfully detained by Miss Pearl Berry in district No. 1 for the election of justices of the peace in Chickasaw county, and gave the items of property and the value of each item separately.

There was proof that demand was made for the property, and the writ of replevin appears to have been introduced as well as the bond given for the forthcoming of the property.

It was also proven in the evidence that the supervisors' district No. 1 was the district in which Houston is situated, and the value of the property was proven.

At the conclusion of the appellant's evidence, the defendant (appellee here) moved to exclude the evidence and to direct a verdict for the defendant, first, because the proof failed to show that the defendant refused to surrender the property, and, second, because there was no proof that the property was taken in the first supervisors' district of Chickasaw county.

This motion was sustained by the court below, which we think was error. The giving of the bond was an admission of the possession of the property and was equivalent to an admission that the property was in district No. 1 in which the writ issued and was returned. Fitzgerald v. Williams, 136 Miss. 250, 101 So. 370; Furst v. Pease, 97 Miss. 468, 52 So. 257.

There was no motion in the court below to dismiss the writ of replevin on the ground that the property seized was found in any other district than that in which the writ was directed and the trial had.

For the errors indicated, the judgment will be reversed and the cause remanded for a new trial.

Reversed and remanded.