## GREAT ATLANTIC & PACIFIC TEA CO. *v.* DAVIS.

(Division B.   Jan. 4, 1937.   Suggestion of Error Overruled, Feb. 1, 1937.)

[171 So. 550.   No. 32449.]

**Rawls & Hathorn,** of Columbia, and **Heidelberg & Roberts,** of Hattiesburg, for appellant.

564

**T. B. Davis** and **Hall & Hall,** all of Columbia, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee instituted an action against appellant for personal injuries alleged to have resulted from a defective floor in the store of appellant, and having recovered judgment in the trial court, this appeal has followed.

There are eight assignments of error, the first being that the court erred in sustaining the motion of appellee for a view of the premises by the jury, and the eighth is that the verdict is against the overwhelming weight of the evidence. There is an assignment, No. 2, that the court erred in not directing a verdict in favor of the defendant, which latter assignment is not well taken for the reason that there is some substantial testimony which would sustain a verdict for appellee. See the rule on this subject, Justice v. State, 170 Miss. 96, 98, 154 So. 265. There is substantial testimony, in sup-

port of the verdict, delivered by sworn witnesses, leaving aside the view of the premises by the jury, and in such case, as was held in Kress & Co. v. Sharp, 156 Miss. 693, 702, 126 So. 650, 68 A. L. R. 167, the view by the jury when taken together with the substantial testimony delivered by sworn witnesses will, as a general rule, preclude a review of the verdict as being contrary to the overwhelming weight of the evidence. And since the allowance of a view by the jury so nearly deprives both the trial judge, and this court on appeal, of the power, from a practical standpoint, of reviewing the case upon an assignment that the verdict is contrary to the overwhelming weight of the evidence, there is again brought before us for consideration: (1) The nature and extent of the power and duty last mentioned; (2) in the light thereof, the meaning or interpretation which is allowable to the statute, section 2066, Code 1930, providing for a view of the premises by a jury; (3) the proper procedure for obtaining a view of the premises; and (4) the effect upon the verdict and judgment when an unauthorized view has been allowed, as was done in this case.

For more than seventy-five years this court, along with the great majority of the courts in this country, has been definitely committed to the rule that the courts have the power and the corresponding duty to review and set aside verdicts upon the facts in, but only in, the following three cases: (1) Where the verdict is without the support of any competent evidence; (2) where the verdict is without the support of any reasonably believable proof; and (3) where the verdict is against the overwhelming weight of the evidence.

In Williams Yellow Pine Co. v. Henley, 155 Miss. 893, 125 So. 552, 554, this court, in a review of the subject after stating the three above-mentioned instances which place a duty upon both the trial and the appellate court to examine the verdicts of juries upon the facts, said:

"The constitutional power of the court to act in the three instances stated comes out of a view of the Constitution as a whole, looking to its nature and to all its parts and provisions, from which it follows that the property or liberty of no man may be taken without legal facts upon which so to do, and thus the power in the first instance above stated. And we find further in the constitution and in its nature, that the jury contemplated by it is an impartial jury, and here arises the power of the court in the two instances last stated." Two Constitutions have been ordained in this state since this court became definitely committed to exercise of the stated powers as a constitutional duty, and neither of those Constitutions contained a word in derogation thereof—and any proposal to that effect would not have received a dozen votes in either of the conventions.

Since the power and duty to review verdicts upon the facts in the three stated instances are constitutional powers and duties, no act of the Legislature would be constitutionally valid which would attempt to abridge that power and duty. Such an act would be rejected by the court, as was the act of a somewhat similar nature which was declared unconstitutional in Yazoo & M. V. Railroad Co. v. Wallace, 90 Miss. 609, 43 So. 469, 122 Am. St. Rep. 321, and it would not be at all necessary to suggest, as was suggested in that case, that the enforcement of such an act would be in contravention of due process of law. It is true that by section 592, Code 1930, no more than two new trials may be awarded upon a review of the evidence, but this is a regulation within the obvious and unanswerable reason that there must be an end of litigation somewhere and at some reasonable point and time.

And since the Legislature may not directly abridge the constitutional judicial powers and duties herein discussed, it follows that this may not be done by indirection; and thus it may not be done by the device of a

statute which would allow a jury to be taken to view the premises in any and every sort of case, and thereby practically cut off the power of the trial judge, and particularly of this court, to review an assigned ground for a new trial that the verdict is contrary to the overwhelming weight of the evidence. Therefore, whatever the language of the statute providing for a view of the premises, the interpretation thereof must be such that the view is allowable only when the necessity therefor "in order to reach the ends of justice" bears some fair relation by way of equivalency, in that interest, to the right which otherwise would be unhampered and unimpaired to have the verdict reviewed on the record evidence. There must be such an interpretation of, and administration under, the statute as will harmonize it with the constitutional principles of the procedural system of which it is a part.

In Jones v. State, 141 Miss. 894, 909, 107 So. 8, 11, it was held by this court that the statute "authorizing the view of the scene is in derogation of the common law, and the rule strictissimi juris must be applied." Counsel challenge the statement that the statute is in derogation of the common law. We need not pause now to examine into that statement, it being enough that the court held that the rule strictissimi juris must be applied. But the court did, in National Box Co. v. Bradley, 171 Miss. 15, 28, 154 So. 724, 157 So. 91, 93, 95 A. L. R. 1500, give the constitutional reason which we have herein more fully discussed, and said: "And because a view when taken very nearly divests the appellate court of its power to review the case on the evidence, a request for a view should never be granted unless it appears reasonably certain that it will be of essential aid, not merely of some aid, to the jury in reaching a correct verdict, and that it is distinctly impracticable and inefficient to present the material elements to the jury by photographs, diagrams, maps, measurements, and the

like.'' It would seem hardly necessary to add anything to the last-quoted ruling by this court that a view must be of essential aid, not merely of some aid, and that this must be made to appear as reasonably certain. We add nothing except by way of emphasis when, as already above stated, we have now said that a view is allowable only when the alleged necessity therefor "in order to reach the ends of justice'' bears some fair relation by way of equivalency, in that interest, to the right which otherwise would be unhampered and unimpaired to have the verdict reviewed on the record evidence.

The record in the case now before us shows that in the request made by appellee for a view by the jury, no reason was given therefor other than that it was proper in order to reach the ends of justice—which is nothing but the statement of a conclusion. The only statement of fact made in the application was that the store was within seventy-five yards of the courthouse; and so far as the record shows the court, over the objection of the appellant, made the order for the view without any inquiry into the facts which would disclose any such necessity as we have above set out as being requisite to an order for a view, the trial judge stating merely that he could see no harm in sustaining the request. The request for a view may be made orally, in the absence of the jury, and transcribed into the court reporter's record; but the request must state the facts which bring the application within the rule heretofore and hereinabove laid down, and if the other party object or challenge the facts, the court must hear evidence or sworn statements touching those facts which must be reported in the transcript; otherwise no order for a view can be validly made.

No such facts were here shown. The transcript before us fails to indicate that any such facts, as were necessary to authorize a view, could have been shown. The

order for a view was therefore erroneously made; the view was unwarranted; and since it has improperly hampered appellant in respect to a valuable constitutional right, to wit, to have the verdict reviewed on the assigned ground that it is contrary to the overwhelming weight of the evidence, the judgment must be reversed and the cause remanded. It may be that in a case where, looking alone to the sworn testimony taken in the courthouse, leaving wholly aside the evidence taken at the scene, and leaving aside anything which the jury may have observed at the scene, it is manifest that the assignment that the verdict is against the overwhelming weight of the evidence is not well taken, an unauthorized view would not reverse; but there is no such manifest case here. On the contrary, the assignment, when reviewed aside from the evidence taken at the scene, and discarding anything that the jury may have observed there, presents a question of sufficient seriousness that appellant is entitled to have it examined free from the encumbrances which the view and its consequences have imported into this trial.

We decide no other question than those expressly herein mentioned, since, upon a new trial, the other alleged errors, if they be errors, may not again appear.

Reversed and remanded.