Mississippi Power Co. *et al. v.* McCrary.

(Division A. Sept. 27, 1937.)

[176 So. 165. No. 32696.]

Wilbourn, Miller & Wilbourn, of Meridian, and Eaton & Eaton, of Gulfport, for appellants.

Reily & Parker, of Meridian, for appellee.

430

Argued orally by **C. C. Miller**, for appellant.

**McGowen, J.**, delivered the opinion of the court.

Appellee, Mrs. Catherine McCrary, a widow, brought an action to recover damages against the Mississippi Power Company and Ira H. May for the death of her husband, Delmar Lynn McCrary. The cause of action was based upon the collision of the bus of the Mississippi Power Company driven by Ira H. May and a truck driven by the deceased, Delmar Lynn McCrary; the collision occurring at or about the intersection of Highway No. 11, running approximately north and south, and Highway No. 80, running east and west, in the city of Meridian.

On the issues of negligence we do not deem it neces-

sary to set forth a detailed statement of the facts. The appellee, in the court below, relied upon the negligence of the driver of the bus in exceeding the speed ordinance of the city of Meridian, and also in his not making any effort to avoid the collision after he saw, or should have seen, that her husband was proceeding into the intersection.

The evidence of several witnesses was conflicting as to the speed maintained by the bus while being driven across this intersection. There was ample evidence to support the verdict of the jury that the speed at which the bus was driven proximately contributed to the injury. We think it is conceded that the deceased, McCrary, the driver of the truck, was negligent in that he violated the speed ordinance and was under the influence of intoxicating liquor. The conflict as to the speed of the bus was settled by the jury adversely to the appellants; and we do not think that we are warranted in setting aside its judgment because the court refused a peremptory instruction. Nor do we think the court below erred in overruling a motion for a new trial on the ground that the overwhelming weight of the evidence was against the verdict of the jury. This conclusion is reached on the record in this case without regard to the view of the scene by the jury.

The appellants assign here as error the action of the court below in permitting the jury to view the scene of the accident, and contend that counsel for the appellee improperly presented a renewal of the motion to view the scene of the accident in the presence of the jury. These causes for reversal in the order stated by us are:

1. That the motion of appellee for the jury to be allowed to view the place of the accident and the renewed motion did not state facts or reasons which authorized the court to view the premises;

2. That no evidence nor sworn statement was presented to the court showing the necessity for the jury to view the premises;

3. That the view by the jury was not of essential aid to it in reaching a correct verdict, as all the material evidence was fully presented to the jury by photographs, diagrams, maps, measurements, and the like;

4. That material changes had been made at the place of the accident between the time of the accident and the day the jury viewed the place; and

5. That it was prejudicial to appellants for the appellee to renew her motion (to view the premises) in the presence of the jury and to take testimony in the presence of the jury as to the changes in conditions at the scene of the accident as the conditions existed on the day of the accident and on the day of the trial of the cause.

At the close of the appellee's evidence in chief, the record shows the following: "At this point the jury retires from the presence and out of the hearing of the Court, and the following proceedings were had in the absence of the jury." Thereupon counsel for the appellee moved the court "for leave to have the jury view the premises and scene of this accident, that they may better understand the testimony which had been offered," suggesting that the scene of the accident was only a short distance from the courthouse in the city of Meridian where the trial was being heard; that while there had been a change in the paving of the road, the other physical objects were practically the same as they were at the time of the accident. Whereupon counsel for the appellants objected to the jury viewing the scene for the reasons stated above by this court, which were amplified by counsel in his statement. As to the statement as to the change of scene, it is stated that a "light pole" or traffic light had been placed there; that the appellants intended to offer a map as of the time of the accident and as of the situation as it then existed. As a matter of fact, some photographs had already been offered in evidence, and a map made at the expense of appellee. Thereupon the court passed the motion until the next

morning upon the statement of counsel for the appellee that it was desired to offer additional testimony that there had been no substantial changes at the scene of the accident.

A witness, James, was offered, who testified that Highway 11 had been paved, a telephone pole had been moved, and that the road had been raised below the intersection. In addition to the evidence of this witness, it was shown that an embankment, which would tend to obstruct the drivers' view of each other before they entered the intersection, was steeper at the time of the accident than on the day of the trial, and that a curb about two feet high had been erected on the east side of Highway 11. When this witness had been discharged, in the presence of the jury counsel for appellee said: "Now, Judge, I want to renew my motion, and for that reason I ask that the jury retire. Under the law it has to be done." After the jury had retired, counsel for the appellants entered objections to the remark, above quoted, and in opposition to the motion to view the scene of the accident by the jury.

At the conclusion of the argument of these questions, the court stated: "There was no statement in the presence of the jury that said testimony was taken in any connection whatever with the view of the premises, and nothing was stated by the attorneys on either side or the Court in the presence of the jury in regard to any view of the premises." The court thereupon announced that it would not rule upon the motion to view the scene until just before all the testimony on both sides was in.

After all the testimony was taken in the case, appellee, in the absence of the jury, renewed her motion for the jury to view the scene, and stated further to the court as the ground for said motion that the evidence in the case was conflicting; that the evidence showed that the angle at which the roads crossed each other was the same as it was at the time of the accident, and all objects which could have in any way obstructed the

view, either of the driver of the bus or the truck, were the same at that time as at the time of the accident. The appellants again resisted the motion, stating the substance of what had been above set forth. The court in passing upon the motion said, among other things: "Gentlemen . . . one of the main points in this law suit is what distance the drivers of the two different vehicles could see each other or were unable to see each other. As I understand it that is one of the main points in this law suit." The court further said that there had not been any change that "would change the distance that the two drivers in the two different vehicles could see each other."

Authority for a view of a scene by the jury away from the courthouse is to be found in section 2066, Code 1930. This section has been recently construed in the cases of National Box Company v. Bradley, 171 Miss. 15, 28, 154 So. 724, 157 So. 91, 93, 95 A. L. R. 1500 and Great Atlantic & Pacific Tea Company v. Davis, 177 Miss. 562, 171 So. 550, at page 552, in which latter case the court quotes the rule from the former case: " 'And because a view when taken very nearly divests the appellate court of its power to review the case on the evidence, a request for a view should never be granted unless it appears reasonably certain that it will be of essential aid, not merely of some aid, to the jury in reaching a correct verdict, and that it is distinctly impracticable and inefficient to present the material elements to the jury by photographs, diagrams, maps, measurements, and the like.' It would seem hardly necessary to add anything to the last-quoted ruling by this court that a view must be of essential aid, not merely of some aid, and that this must be made to appear as reasonably certain. We add nothing except by way of emphasis when, as already above stated, we have now said that a view is allowable only when the alleged necessity therefor 'in order to reach the ends of justice' bears some fair relation by way of equivalency, in that inter-

est, to the right which otherwise would be unhampered and unimpaired to have the verdict reviewed on the record evidence.''

In the case of Great Atlantic & Pacific Tea Co. v. Davis, supra, the court further laid. down the rule that the request for a view of a scene may be made orally, in the absence of a jury, and transcribed into court reporter's record, but the request must state facts which show that view would be of essential aid, and if other party objects or challenges facts, the court must hear evidence or sworn statements touching those facts which must be reported in transcript, otherwise no order for a view can be validly made.

We think the facts stated to the court in the two motions, together with the court's statement quoted, supra, in passing on the motion, brought the question of the view of the scene within the discretion lodged in the court, and that we can not now say that the view of the scene did not tend to accomplish the ends of justice. We are also of the view that the changes in the situation as shown by the entire record were not such as to interfere with the jury having full opportunity to determine at what point the two drivers of the colliding motor vehicles could or could not see each other.

There does not appear any merit in the fifth objection of counsel for appellants, that it was desired to renew the motion in connection with the taking of testimony which related to the scene of the accident. Counsel had already reserved the objection. Practically all the testimony in this case was directed to what occurred at this place; so that there was nothing which put upon counsel for the appellants the burden of renewing his objection to the view of the scene in the presence of the jury. There is no merit in the several contentions.

We are of the opinion that the other assignments of error do not call for a statement from the court relative thereto. We find no reversible error in this record.

Affirmed.