MENGEL CO. *v.* PARKER.

(In Banc. April 13, 1942.)

[7 So. (2d) 521. No. 34851.]

Welch & Cooper, of Laurel, for appellant.

Quitman Ross, of Laurel, for appellee.

Argued orally by **W. S. Welch**, for appellant, and by **Quitman Ross**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellee suffered a personal injury in the course of his work as an employee of appellant company, and he sued the company on the ground that it had failed of its duty to use reasonable care to furnish him a reasonably safe place in which to work and that as a proximate result thereof the injury occurred. The work in which he was engaged at the time was that of tailing a ripsaw, and he was crowded into a space four feet long and two feet wide. At his right and two feet from him was a table on which he would place the finished material as it came from the ripsaw; to his left about two feet was a cull buggy in which he would place the edgings or

the pieces which were of such character as to be worth further processing, and to his back there was a trash buggy into which he would place those which as they came through were usable only as fuel. The space from the outer edge of the wooden table of the ripsaw to the trash buggy to the rear thereof was only about twenty-four inches, and it was within this space that appellee had to work receiving, and disposing of, the material as it came towards him from the ripsaw and which was at the speed of about 70 feet per minute, the pieces being 30 inches in length. What happened was that in the hurried processes of this work appellee failed to get one of the pieces in precise time and it caught him in the groin and pinned him violently against the trash buggy causing an injury which will in all likelihood be permanent in its character unless remedied by a surgical operation. Had the trash buggy been farther back by a foot the piece of material which caught appellee would probably not have harmed him.

To undertake a statement in complete detail of the machinery, the place to work and the method of the operation would require such a length of recital that we have decided that further than what has already been stated, we will in that respect say only that under the facts, especially when viewed in the light of the photograph which was made a part of the record, a jury could and as we think should find as a reasonable conclusion that unless a space of not less than approximately 36 inches from the wooden table of the ripsaw to the trash buggy in the rear were allowed and provided, it would not be a reasonably safe place to do the character of work at and in which the servant was then and there engaged; and that a prudent employer should have reasonably anticipated that in allowing only 24 inches an injury such as did occur was likely to happen as a proximate consequence. Wherefore appellant was not entitled to the peremptory charge requested by it and which the court refused.

Appellant showed, however, that the wheeled trash buggy back of appellee, and which by its position narrowed the width to 24 inches, was placed there by appellee himself and this appellee admitted. Appellant as a consequence invoked the familiar rule that where the employee himself creates or arranges the objectionable feature in the place to work he cannot complain of the employer. To this appellee countered with the excuse or avoidance that he was obliged to place the trash buggy in the position where it was because immediately to the rear of the trash buggy there was a flat which had been so placed as to take up the room which otherwise would have been available for putting the trash buggy further back. It was shown that a flat is a contrivance upon which lumber is piled and is not movable by wheels affixed thereto but must be moved by the use of jacks. This was sufficient to shift back to the defendant the burden of proceeding with the evidence as to the facts, if any there were, which would prevent the employee, the plaintiff, from using the presence of the flat in excuse of his placing the trash buggy where he did; but appellant did not proceed with the evidence at that point, but other than as above mentioned, the facts about the flat were left in such a condition of non-disclosure that, on this record when weighed by legal standards, nothing but conjecture is available on that subject.

Appellant requested and the court refused the following instruction: "The court instructs the jury that if you believe from the evidence in this case that the plaintiff in the exercise of reasonable care could have performed his duties without injury at or in the place wherein he was working, then it is your duty to find for the defendant." Appellant says that it was entitled to this instruction under the recent case Supreme Instruments Corp. v. Lehr, 190 Miss. 600, 199 So. 294, 1 So. (2d) 242, 244, wherein it was said that "in adjudging reasonable care and reasonable safety, we must keep in mind that reasonable care must be defined in terms of an

expectation that the servant will exercise reasonable care in using the place or way. Newell Contracting Co. v. Flynt, 172 Miss. 719, 729, 161 So. 298, 743.'' Turning back .to the Flynt case, there the court said: ''The law is that the master is as much entitled to expect that a servant will exercise reasonable care in the use and operation of a tool or appliance in the normal manner to avoid injury as the servant is entitled to expect that the master will use reasonable care to furnish him a reasonably safe tool or appliance. When the law speaks of reasonable safety in a tool or appliance, or in a safe place to work, it means one which can be safely employed when the servant takes reasonable care in its normal use or operation.''

The language quoted·from those cases was appropriate to the facts there involved, but it·was never intended to say thereby that whatever the appliance or the place furnished, or the condition thereof, may be, there would be no liability if nevertheless the servant could by the use of reasonable care avoid injury therefrom. This would be to place the stress upon an avoiding care by the servant and obscure the correlative care due on the part of the master. Appellant and the trial court more nearly arrived at a correct interpretation of the quoted language of this court when appellant requested and the court granted the following instruction: ''For the defendant, you are instructed that the test as to whether defendant used reasonable care to furnish its employee with a reasonably safe place to work and reasonably safe appliances is whether the employer as a reasonably prudent man could assume that the particular employee could safely do the particular work assigned to him at the particular place and with the particular machinery, if the employee himself used reasonable care in his work.''

Appellant requested and the court refused an instruction to the effect that if the plaintiff could, upon the exercise of reasonable effort and without endangering his life, be relieved of the effect of the injury, no damages

should be awarded for that from which the plaintiff could be thus relieved. The proof was that by submitting to a surgical operation not dangerous to his life appellee could be permanently relieved or cured of the condition brought about by the injury.

Leaving aside the question as to when or under what circumstances an injured employee may or may not be required to submit to a surgical operation, there are two reasons why the requested instruction was properly refused. First, it was shown that out of appellee's wages a deduction was regularly made to pay for the services of a company physician, and that on the day following the injury appellee went to the company physician and went to him also on subsequent occasions covering more than two months. The company physician—although now testifying that a minor operation would produce the relief—made no such suggestion or offer to appellee during any one of those visits, nor so far as the evidence shows, has the company ever made any such offer. But, second, if it may be said that the wage deduction for the services of the company physician did not cover surgery and the hospital expenses attendant thereon then there is not a syllable in the evidence that appellee was or is financially able to avail of the surgery and hospital, as to which see North American Acc. Insurance Co. v. Henderson, 180 Miss. 395, 404, 177 So. 528. And as to this the burden of proof was on the defendant, appellant here, under the rule that when a defendant relies on matter in mitigation or reduction of damages the burden is on him to make the proof of the facts which will operate to bring the mitigation into effect as against the opposite party. 25 C. J. S., Damages, sec. 160, p. 812; 4 Ency. Ev., p. 10, and see the numerous cases cited in the American Digest, Damages, 163(2).

We have examined the other errors assigned and do not find anything materially sufficient to require a reversal.

Affirmed.