## Leflore *v.* State.

(In Banc.  May 22, 1944.)

[18 So. (2d) 132.  No. 35502.]

**G. J. Thornton** and **D. E. Crawley, Jr.,** both of Kosciusko, for appellant.

**Greek L. Rice**, Attorney-General, by **R. O. Arrington**, Assistant Attorney-General, and **J. P. Coleman**, of Ackerman, for appellee.

634

Argued orally by **G. J. Thornton**, for appellant.

**Roberds, J.**, delivered the opinion of the court.

Leflore was indicted and tried for the murder of one Cleveland Guess and was convicted of manslaughter.

The body of Guess was found about 9 o'clock the morning after the homicide lying upon an embankment some ten feet east of a public road which runs generally north and south, the place being some two miles east of the municipality of West and one-fourth of a mile west of the home of Leflore. The sheriff of Attala County testified in detail as to the condition of the body, the marks of violence thereon, the nature of the terrain and undergrowth about that scene, and then concluded that the body had been brought to that spot from the home of Leflore, tracing the course thereof by broken twigs and brush and mashed-down grass and spots of blood, and the finding of keys and certain personal articles belonging to Guess which had apparently dropped from his pockets as he was being carried, and, at least part of the distance dragged, along that way. He also gave a detailed description of the yard about the home of appellant, finding there spots of blood and that the yard had been freshly scraped. He also found in the home a hoe with dirt and blood thereon, and in the hollow of a near-by tree there were bloody chips.

The sheriff also testified that appellant had freely confessed to him that he had shot and killed Guess in his yard about 2 o'clock on the morning before discovery of the body, but that he thought the person was one Mitchell who had threatened his life, and that the person was acting in such manner that he had good reason to believe and did believe that he was in danger of losing his life or suffering great bodily harm at the hands of this person; that when he discovered the victim was Guess and not Mitchell that his two sisters, who were living in the home with him, assisted him in carrying the body of Guess from the home to the spot where it was found, they intending to take Guess to a doctor, he being yet alive, but that he died as they reached this spot, and, being dead, there was no further need to seek the services of a doctor, and they deposited the body there and went their ways, telling no one of the occurrence. Appellant was arrested in West about 9 o'clock the night after the body was found.

At this stage of the trial, and under these conditions, the state moved for permission for the jury to view and inspect the scenes of the crime, which motion the trial judge, over objection of defendant, sustained; whereupon, the entire court repaired to these scenes and then and there the sheriff in response to direct and cross questions, again, as the court proceeded from place to place, described in detail the facts and appearances existing as of the first as compared to the second occasion.

The motion to view and inspect set out no grounds or reasons therefor other than ". . . in order to reach the ends of justice," which, of course, is a conclusion and not a statement of fact. Appellant says the motion should have set out the grounds justifying such view and inspection, with opportunity to defendant to controvert and disprove the asserted grounds, and that the failure so to do is reversible error. This court so held in Great A. & P. Tea Co. v. Davis, 177 Miss. 562, 171 So. 550. That case, in all essential respects on the point under consideration,

is the same as this. We must either follow or overrule it. Except for that case the writer hereof would have been of opinion that where prior testimony taken on the merits showed justifiable reasons for such view and inspection, in addition to the corpus delicti and venue, that such proof would have supplied the omission of a statement of the grounds in the motion. However, we have examined the original record in the Tea Company case and the suggested conclusion appears to be wrong. In that case Mrs. Davis brought suit for damages for personal injuries suffered by her as a result of a fall caused by catching her foot under a splinter in the floor of a store building operated by the Tea Company in Columbia, Mississippi, in which store Mrs. Davis was then shopping. Before the motion for a view of the premises was made Mrs. Davis had testified in detail to the condition of the floor, the manner of the accident and the nature and extent of her injuries. She repeated this testimony at the scene and was there cross-examined, just as was done in the case at bar. The motion in that case also stated that it was made "in order to reach the ends of justice." But from the standpoint of convenience, at least, the motion there was stronger than in the present case, because there the motion stated the store was "immediately adjacent to the court house square and within approximately seventy-five yards of the court house where this trial is being concluded . . ." and this fact appears to have had weight with the trial judge in granting the motion; whereas, in the case at bar the scenes are evidently some twenty miles from the court house and range over a distance of a quarter of a mile; yet in the Tea Company case the granting of the motion, under the stated conditions, was held to be reversible error. The rules in such cases, and the reasons underlying them, and the respective rights of the parties, are set forth in the Tea Company case, and we will not attempt to restate them here. We might add, however, that in the instant case the acts occurred in July and the trial was in Sep-

tember. The evidence at the scenes consisted almost entirely of the appearances of nature in July and naturally the face of nature as it then appeared had been much changed by the forces of nature and of man by September, especially as affecting the brush and grass and tracks and surface of the earth along the path and in the yard. That would not necessarily preclude a view on proper request and showing therefor, but it does admonish caution in that regard and adds force to the requirement that the reasons and grounds therefor be shown the trial judge the better "to reach the ends of justice." Section 1800, Code 1942.

It is further urged that the proof shows that appellant was not guilty of a crime and should be discharged, but, if not, that the verdict is so against the overwhelming weight of the evidence on the question of guilt that it should not be permitted to stand. We have carefully reviewed and considered this record and cannot agree with these contentions.

There was a motion for a new trial on newly discovered evidence, which was overruled, and a strong argument for reversal is made here because no minute was entered on the records granting the motion for review by the jury. The remand of the case for the reasons stated makes it unnecessary for us to pass on these contentions, because the error, if there is error, may not recur on another trial.

Reversed and remanded.