Floyd *v.* Williams *et al.*

(In Banc.   May 28, 1945.)

[22 So. (2d) 365.   No. 35811.]

J. W. T. Falkner, of Oxford, for appellant.

James Stone & Sons, of Oxford, for appellees.

Argued orally by **J. W. T. Falkner**, for appellant, and by **Phil Stone**, for appellees.

**McGehee, J.**, delivered the opinion of the court.

This suit was brought by the appellees, Mrs. C. D. Williams and her husband, against the appellant D. B. Floyd, for both actual damages and the statutory penalty for cutting some "ornamental" trees of certain dimensions on their land which had been reserved in their deed to the appellant of the timber on 420 acres. Upon motion being made to require the plaintiffs to elect as to whether they would seek to recover the actual damages or the statutory penalty, and which motion was well taken in view of the fact that the declaration was predicated upon Section 1076, Code of 1942, which does not confer upon the owner the right to recover both actual damages and the penalty of $40 for an ornamental tree, Roell v. Shields, 124 Miss. 226, 86 So. 763, the plaintiffs obtained leave to amend their declaration so as to seek a recovery of the actual damages claimed and a penalty of $15 per tree, as provided for under Section 1075, Code of 1942, and to which amendment the defendant objected. The suit pro-

ceeded to trial and judgment upon the declaration, as amended, with the result that there was a verdict and judgment in favor of the plaintiffs in the sum of $32.41 as actual damages, and $585 as statutory penalties, the declaration having alleged the wilful cutting of 39 trees without the consent of the owners.

Upon this appeal, the appellant assigns several grounds of alleged error on the part of the trial court: First, it is complained that the court erred in overruling the defendant's motion to require the plaintiffs to elect whether they should attempt to recover actual damages or the statutory penalties. While this motion of the defendant should have been sustained instead of being overruled by the trial court, the error was cured when the plaintiffs amended their declaration under the authority of Section 1511, Code of 1942, and annotated cases thereunder, and proceeded under the statute permitting the recovery of both such damages in a proper case.

Second, it is claimed that the trial court abused its discretion in not permitting the jury to visit and view the premises where the trees had been cut and removed from the land. Responding to this contention, we call attention to the holding in the case of National Box Company v. Bradley, 171 Miss. 15, 154 So. 724, 157 So. 91, 93, 95 A. L. R. 1500, wherein it was said: "And because a view when taken very nearly divests the appellate court of its power to review the case on the evidence, a request for a view should never be granted unless it appears reasonably certain that it will be of essential aid, not merely of some aid, to the jury in reaching a correct verdict, and that it is distinctly impracticable and inefficient to present the material elements to the jury by photographs, diagrams, maps, measurements, and the like." To the same effect is Great A. & P. Tea Co. v. Davis, 177 Miss. 562, 171 So. 550.

In the instant case, each of the litigants introduced diagrams to indicate the area on which the trees had been reserved under the deed, the one offered by the plaintiff

showing such area to be in a fenced V-shape about 350 or 400 yards wide at the top and bordered on an east and west road in front of the old home and about 150 or 200 feet wide at the base in the rear thereof, around an old house site where they intended to rebuild; and the one offered by the defendant showed such area to be in a V-shape located wholly out in front of the old house site; and as to the respective areas thus indicated, the testimony of the witnesses was in sharp conflict. The plaintiffs also introduced photographs showing the location of the old home site and the trees cut in close proximity thereto. And, while these photographs could not accurately disclose the number of trees cut within the area complained of, we are not justified in holding that the trial court abused its discretion in denying a view of the premises by the jury, even though the plaintiffs joined in the request therefor, since the number of the trees cut must necessarily rest upon an actual count of them, and we are of the opinion that the diagrams and the testimony were sufficient to enable the jury to understand the respective contentions of the parties.

The particular reservation of the deed here involved applies to "all trees around the old home site in between present fences which lie in the shape of a V." The trees sued for were cut "around" the old home site, whereas those on the area which the defendant contends was reserved, and which were not cut, are on an area in a V-shape out in front of the home site, as aforesaid, and some little distance removed therefrom. Under the conflicting evidence, we are of the opinion that the jury was warranted in finding that the reserved area contended for by the plaintiffs was the correct one, even though the jury may have been justified in adopting the contrary view.

The evidence further disclosed on behalf of the plaintiffs that the area contended for by them was pointed out to the grantee before the deed was drawn, and that Mrs. Williams delivered to him at the attorney's office when

the deed was drawn a diagram similar to the one introduced by the plaintiffs in evidence, disclosed the location of such reserved area, and the defendant admitted as a witness on the trial that every tree that was cut was cut under his instructions. In his cross-examination the following questions and answers appear in the record:

"Q. Now these trees that were cut up there around the old homesite, you instructed your employees to cut those? A. Yes sir. Not a tree cut there that I did not tell them to cut.

"Q. Those trees cut on that homesite hill were cut at your order? A. Every tree cut there was cut at my instructions."

It was also shown that at the time Mrs. Williams delivered to the grantee the diagram at the office of the attorney who drew the deed, she was to encircle with a string or otherwise mark the trees which were not to be cut; that she did mark 50 of such trees, and that 41 of them were cut by the employees of the defendant over her protest, and according to the instructions of the defendant. The jury assessed the statutory penalty for 39 of such trees, the number sued for in the declaration, and we are not justified in holding that the cutting was not wilfully done or without proper precaution to prevent trespass.

Third, it is complained that the trial court was in error in sustaining an objection to the testimony of the defendant's witness Hewlett as to whether or not the defendant "had complied with the instructions of the plaintiffs as to the timber reserved." The witness was entitled to state the facts so as to let the jury determine whether there had been a compliance with the terms of the reservation. But, be that as it may, the witness was thereupon asked and permitted to answer the same question in this form: "Was any of the timber as pointed out as being reserved by Mrs. Williams cut when you went back there?", and he answered that there had not been, and he had gone back after all of the cutting was over.

Fourth, the granting and refusal of certain instructions were also complained of, but we are of the opinion that the instructions as a whole fairly, fully and correctly presented the issues to the jury and that no reversible error was committed upon the trial, and that the judgment appealed from should therefore be affirmed.

Affirmed.