POTEETE v. CITY OF WATER VALLEY.

In Banc. Sept. 26, 1949.

No. 37159 (42 So. (2d) 112)

174

John Horan and James Stone & Sons, for appellants.

**Kermit R. Cofer,** and **Creekmore & Creekmore,** for appellee.

**Hall, J.**

Appellants brought suit in equity for a mandatory injunction to compel appellee to alter certain alleged work done by the city on Eckford Street so as to prevent the diversion of surface water from the street onto their residence lot. The prayer for injunction was granted by the chancery court and upon appeal by the city this court reversed the decree for injunction and remanded the cause with directions that it be transferred to the circuit court for trial upon the alleged cause of action for damages. City of Water Valley v. Poteete, 203 Miss. 382, 33, So. (2d) 794.

After remand and transfer to the circuit court, the appellants filed their declaration for damages to their property because of the alleged changes in the surface of the street and diversion of water upon their lot, and upon the trial the jury returned a verdict in favor of the city. From a judgment thereon, Poteete and wife have appealed.

Appellants contend ▮▮ ▮ that the trial court erred in granting the following instruction to the appellee: "The Court instructs the jury that it was the duty of plaintiffs to do all reasonably possible to lessen their damage, and in no event can they recover any damages that could have been prevented by the expenditure of a reasonable sum in ditching or leveeing against the water complained of as causing them damage."

We are of the opinion that the trial court erred in granting this instruction. In the case of Mengel Co. v. Parker, 192 Miss. 634, 7 So. (2d) 521, 523, this Court said:

"When a defendant relies on matter in mitigation or reduction of damages the burden is on him to make the proof of the facts which will operate to bring the mitigation into effect as against the opposite party." In 15 Am. Jur. Damages, Sec. 331, p. 770, it is said: "In an action for damages the plaintiff has the burden of establishing the damages which result from the defendant's tortious act or his breach of contract, but in so far as it may be contended that the damages might and should have been minimized by taking steps to reduce the resulting damages or prevent the accrual of damages, the burden of proof rests upon the defendant." Upon the trial of this case the city offered not one word of evidence to support the above instruction. It made no showing that it would have been possible for appellants to ditch or levee against the waters alleged to have flowed from the street onto their property, nor what would have been the cost or approximate cost of such ditch or levee. The record is wholly void of any proof to support the instruction. The appellants' proof showed that the city corrected the trouble after the filing of suit by reopening the drainage ditch in Eckford Street, but under the law the appellants had no legal right to go into the city's street and reopen the ditch or build a levee or embankment without its consent, and such work as they might have done would necessarily have had to be upon their own property. ▮▮ The city offered no evidence that this could have been done, as was its burden, and consequently the granting of this instruction was erroneous under the long line of decisions of this Court to the effect that an instruction should not be granted unless supported by evidence. Williams v. City of Gulfport, 163, Miss. 334, 141 So. 288, and numerous other authorities collated in 14 Mississippi Digest, Perm., Ed., Trial, 252 (1).

▮▮ The instruction is, at least, misleading in that it might have led the jury to believe that the appellants had the legal right to build an embankment or dig or

open a ditch in the city's street without permission of the city, whereas under the law they had no such right and were confined to their own property. By Section 3421 of the Mississippi Code of 1942, municipalities are given full jurisdiction over their streets, sidewalks, sewers and parks. While this section does not deprive an abutting owner of every right therein, nevertheless he has no right to make excavations in a public street, even though reasonably necessary for his use and enjoyment of his property, without authority from the municipality under such reasonable regulations as its governing authorities may prescribe. 25 Am. Jur. Highways, Sec. 280.

The instruction is further misleading in that it puts upon the appellants the duty of expending money for ditching or leveeing against the water, and does not inform the jury that they would, if their evidence is believed by the jury, be entitled to recover such expense from the city. Yazoo & M. V. R. Co. v. Sultan, 106 Miss. 373, 63 So. 672, 49 L.R.A.,N.S., 760.

Appellee argues with considerable plausibility that the verdict of the jury in this case was in its favor upon the issue of liability and that consequently the error, if any, in the granting of the above instruction was not prejudicial, but we are unable to agree with that contention for the reason that we cannot say with assurance that the instruction did not influence the jury in arriving at its verdict. Therefore, we are of the opinion that the error was prejudicial, and that the judgment should be reversed and the cause remanded for another trial.

Appellants next assign error predicated upon the action of the trial court in sustaining a motion of the city for a view of the premises by the jury. Since the case is to be remanded for another trial it would not be necessary for us to consider any further assignments of error, but a majority of the court is of the opinion that this assignment should be discussed so that the bench

and bar of the state may have repeated for their guidance the rules which have heretofore been established in this state. In considering this second assignment we call attention to the fact that appellants'. third assignment is that the verdict is contrary to the overwhelming weight of the evidence, but it is unnecessary for us to consider and we do not pass upon the third assignment.

Immediately when the jury was impaneled, and before the appellants had even called their first witness, counsel for the city, in the presence of the jury, stated: "If the court please, I think it would result in saving a great deal of time, and I know the court and jury would understand and appreciate the testimony much better, if the jury be permitted to go to the house and lot in question. And now, before the introduction of any testimony, the defendant asks that the jury be allowed to go and inspect the premises." Thereupon, without retiring the jury, the trial judge asked, "Is this agreed upon by all of you?" Counsel for the appellants then stated, "We object. The proof in the case will show the conditions have been changed since the filing of this cause." Counsel for the city, without offering any proof of the necessity of a jury view, stated "That is a matter of proof" and the trial court forthwith directed the jury to proceed to the premises in question for a view thereof, but, so far as the record here shows, no order was ever entered by the court providing for such view. This action was in utter disregard of Section 1800 of the Mississippi Code of 1942, which provides, in part:

"When, in the opinion of the court, on the trial of any cause, civil or criminal, it is proper, in order to reach the ends of justice, for the court and jury to have a view or inspection of the property which is the subject of litigation, or the place at which the offense is charged to have been committed, or the place or places at which any material fact occurred, or of any material object or thing in any way connected with the evidence in the

case, the court may, at its discretion, enter an order providing for such view or inspection as is hereinbelow directed. After such order is entered, the whole organized court, consisting of the judge, jury, clerk, sheriff, and the necessary number of deputy sheriffs, shall proceed, in a body, to such place or places, property, object or thing to be so viewed or inspected, which shall be pointed out and explained to the court and jury by the witnesses in the case, who may, at the discretion of the court, be questioned by him and by the representative of each side at the time and place of such view or inspection, in reference to any material fact brought out by such view or inspection."

 It will be noted from the foregoing statute that a jury view is authorized only when "in the opinion of the court . . . it is proper, in order to reach the ends of justice." Counsel for the city did not make any showing and did not even state that the view was necessary in order to meet the ends of justice. Counsel for appellants advised the court that the proof in the case would show that the conditions have been changed since the filing of the suit, and, indeed, all of the appellants' proof thereafterward offered was to the effect that upon the very next day after filing of the suit the city began work on the street, restored its former level, and opened the ditches, and that thereafterward there had been no surface water drained from the street upon appellants' lot. When the trial court sustained this motion there was no showing whatsoever that such a view was necessary or would in any manner promote the ends of justice. The jury was carried to the scene without any order for such action ever being entered, notwithstanding the fact that the statute authorizes this only "after such order is entered." According to the record before us, not one witness was produced at the scene to point out the place and its boundaries or to explain anything about the case, notwithstanding the fact that the statute pro-

vides that the property, object or thing to be viewed "shall be pointed out and explained to the court and jury by the witnesses in the case." In short, there was no earthly effort in this case to comply with a single one of the mandatory provisions of the statute.

In Great Atlantic & Pacific Tea Co. v. Davis, 177 Miss. 562, 171 So. 550, 552, this Court said: "The request for a view may be made orally in the absence of the jury, and transcribed into the court reporter's record; but the request must state the facts which bring the application within the rule heretofore and hereinabove laid down, and if the other party object or challenge the facts, the court must hear evidence or sworn statements touching those facts which must be reported in the transcript; otherwise no order for a view can be validly made." This announcement of the rule in this state was wholly ignored and departed from, and is alone sufficient for a reversal. It was followed in Leflore v. State, 196 Miss. 632, 18 So. (2d) 132, 134, where the motion for a jury view of the premises stated that such view was necessary "in order to reach the ends of justice" and where the court said that this is a mere conclusion and not a statement of fact, and that the motion should have set out the grounds justifying such view and inspection, with opportunity to the opposite party to controvert and disprove the asserted grounds, and that the failure to do so is reversible error.

In National Box Company v. Bradley, 171 Miss. 15, 154 So. 724, 725, 157 So. 91, 95 A.L.R. 1500, this court said: "We think it was improper for the judge to permit the jury to go to the place of the injuries, because it was not in the same condition as at the time of the injuries. However, this is not reversible error because no objection was made at the time." In this case ██ the rule was also laid down that when a party is about to make a request for a view of the premises he must first request the court to retire the jury, and that such

a request should not be made in the presence of the jury, but if made in the jury's presence the trial judge should then and there overrule it without waiting for an objection from the other side, and, if not immediately overruled, and if the other side does not immediately announce anything as to whether he will or will not join in the request, the judge should, of his own motion, retire the jury. This procedure should be followed in this state, and, while in the last cited case the judgment of the trial court was affirmed, this was primarily because no objection was made to a view of the premises by the court and jury. In the case at bar counsel for appellants were improperly forced to make their objection at a time when no showing had been made that a view was necessary in order to reach the ends of justice, and in the face of the fact that counsel stated as the ground for the objection that the conditions had been changed. Since there was no effort to comply with any of the requirements of the statute or prior decisions of this Court, the view by the jury was improvidently granted, and the action of the trial court was manifestly erroneous.

Furthermore, this view by the jury, upon an insufficient showing, has deprived appellants of their constitutional right to have this court consider their third assignment of error to the effect that the verdict is contrary to the overwhelming weight of the evidence. Great Atlantic & Pacific Tea Co. v. Davis, supra, and Floyd v. Williams, 198 Miss. 350, 22 So (2d) 365.

Reversed and remanded.