MISSISSIPPI STATE HIGHWAY COMMISSION *v.* WILLIAMSON

No. 40091 April 9, 1956 86 So. 2d 670

*Kermit R. Cofer,* Water Valley; *Matthew Harper, Jr.,* Asst. Atty. Gen., Jackson, for appellant.

*Stone & Stone,* Coffeeville, for appellee.

HALL, J.

This is an eminent domain case wherein the jury in the special court of eminent domain awarded damages to the appellee in the sum of $3,600.00, from which an appeal was taken to the circuit court and upon a trial de novo the jury awarded her damages in the sum of $4,000.00. The State Highway Commission appeals and contends that the lower court erred in refusing it an instruction to assess the damages at $1,500.00, and contends also that, if mistaken in this, the verdict of the jury is so excessive as to evince bias and prejudice and that the case should be reversed and remanded for another trial. We shall deal with these contentions together.

Two witnesses for appellant testified that the difference in value before the taking and after the tak-

ing was $1,500.00. We do not understand however that the jury was forced to accept their testimony. Mrs. Williamson placed the difference in value at $9,000.00. Her son placed it at $6,000.00. G. D. Langston placed it at $5,000.00. Other witnesses testified and their evidence was excluded on motion of the petitioner and may be disregarded. We are of the opinion that the lower court was clearly correct in refusing to direct a verdict for $1,500.00, that the issue was one for decision by a jury, and that the competent evidence is sufficient to justify a verdict in the amount of $4,000.00.

 Appellant contends finally that the lower court erred in permitting a jury view of the premises. At the conclusion of all of the testimony counsel for the defendant, in the presence of the jury, made a motion that the jury be carried to look at the scene. The court immediately had the jury retired and counsel for defendant made a further statement with reference to his motion, and counsel for the Highway Commission made no objection whatsoever, did not move for a mistrial, and the court thereupon dictated to the stenographer an order for a view of the premises. This order appears in the court reporter's notes but was not spread upon the minutes of the court as it should have been. Of course the motion, under Section 1800, Code of 1942, should never have been made in the presence of the jury and, as we held in Poteete v. City of Water Valley, 207 Miss. 173, 42 So. 2d 112, the order should have been entered upon the minutes instead of merely being dictated into the record, but since counsel for appellant made no objection to any of the proceedings, and apparently agreed thereto, we do not think that any reversible error was committed by the trial court. As in the Poteete case, we again warn counsel that a motion for a jury view of the premises should never be made in the presence of the jury, but when so made without objection by the opposing

party we know of no case in this state which has been reversed because of such error.

Affirmed.

*Roberds, P.J.,* and *Lee, Holmes* and *Ethridge, JJ.,* concur.