PATTERSON, Justice.
This is an appeal from an order of the Circuit Court of Hinds County sustaining a petition for a Writ of Mandamus to reinstate C. E. Marlar to his former position and employment as warden supervisor of District 12 of the State of Mississippi, and to pay petitioner his accumulated salary from October 1, 1964. We affirm the decision.
The defendants, on appeal, urge that the trial court erred in holding that appel-lee was not guilty 'of laches in waiting so long to file' suit to enforce those rights he may have had.
The appellee had been an employee of the Game and Fish Commission since September 19, 1944, and was the duly appointed and acting warden supervisor of District 12 for the last three years prior to this suit. He was receiving a monthly salary of $400. On September 16, 1964, appellee received a printed form notice of termination of employment dated September 15, 1964, from John P. Camp, Jr., Director of the Game and Fish Commission. This notice listed simply “discharge” as the reason for termination and further indicated that the last day of service was September 15, 1964, and that the recipient ‘would be dropped from the payroll on September 30, 1964. On September 17, 1964, in response to a telephone conversation by the appellee’s attorney requesting ' specific reasons for appellee’s discharge, the attorney was advised by Mr. Cannada, Chairman of the Executive Committee of ' the Commission, that appellee was discharged because of his- failure to fulfill the duties ‘ of warden supervisor of District 12.
The record reflects that the appellee has ■ never been advised of any specific charges *650 of dereliction of duty or otherwise for his termination of employment. Appellee did not seek a hearing before the full Commission as, he contends, there was no reason to appear or request such hearing in the absence of specific charges. However, subsequent to his discharge he did seek reinstatement by requesting various friends and officials to intervene on his behalf to the Governor of the State, to no avail. Approximately seven months after his discharge, he filed his petition for reinstatement by way of Writ of Mandamus on April 3, 1965.
’ In 1962 the Legislature enacted, among other things relative to the State Game and Fish Commission, Mississippi Code Annotated section 5841(c) and 5841(d) (Supp.1964), which, in regard to the employees and personnel of the Commission, has the following provisions:
(c) The game and fish commission created by section 1, chapter 186, laws of 1952, as amended by section 1 of chapter 147, Mississippi Laws of 1956, being section 5841 of the Mississippi Code of 1942, Volume 5, Recompiled, is hereby abolished, and the new game and fish commission, created by this act, shall have all the rights and powers vested in the former commission by the laws of this state and not in conflict herewith and as provided in this act, and all rules and regulations of such former commission are continued in full force and effect, subject to the. discretion of and until changed by the state game and fish commission as herein created. All employees and personnel of the commission, including game wardens and supervisors, now in the employ in any capacity of the state game and fish commission at the time of the passage of this act are continued in their employment until such time as they may be discharged by the commission created herein as provided by law.
(d) During the period of the first twelve (12) months after appointment, any employee of the game and fish commission shall be subject to dismissal for just cause at the discretion of the commission. After twelve (12) months service, no employee of the commission shall be subject to dismissal unless charges have been filed with the commission to the governor, showing cause for dismissal of said appointee as an employee of the game and fish commission. A date shall be set for hearing before the commission and the governor and the appointee notified in writing of the date of such hearing and of the charges filed. Said hearing shall be held not less than ten (10) days after notification to the appointee, after hearing, at which the appointee shall be entitled to legal counsel, a written order of the governor shall be necessary for dismissal and his decision shall be final, unless the appointee shall appeal to the chancery court of the county of his residence within fifteen (15) days after receipt of notice of the final decision of the governor. Any such order of the governor shall be a public record and entitled to inspection as such. (Emphasis Supplied.)
The clear intent of the Legislature is thus established to the effect that all employees and personnel of the Commission, including game wardens and supervisors in the employ of the State Game and Fish Commission at the time of the enactment of the statute, have status and tenure in their employment, and that after twelve months service, no employee is subject to dismissal unless charges have been filed with the Commission to the Governor showing cause for dismissal. The appellants admit the facts and confess the law to be as stated, but insist that appellee unduly delayed the filing of his petition for reinstatement, and that by so doing he is guilty of laches in the absence of any excuse for such delay. They cite in support of this position Cheatham v. Smith, 229 Miss. 803, 92 So.2d 203 (1957); Stokes v. Newell, 174 Miss. 629, 165 So. 542 (1936), and Butler v. Smith, 35 Miss. 457 (1858). We are of the opinion, *651 however, that both Cheatham supra and Stokes supra are readily distinguishable from the case at bar, as these cases encompassed contracts of employment for a definite school term, whereas the employment here was for an indefinite term. Butler supra, relied upon by appellants, sets forth the rule “that an agency to do particular services from time to time, to be paid for as their services are rendered, and without any agreement as to the time of its continuance, is determinable at the pleasure of either party.” (35 Miss, at 465). Though perhaps applicable to employment for an indefinite time, it is superseded here by Mississippi Code Annotated section 5841 (Supp.1964), above-quoted as to the method of termination of employment of the personnel, including wardens and warden supervisors, of the State Game and Fish Commission. We conclude these cases are not dispositive of the issues here. We find no Mississippi cases squarely in point.
Laches has been defined as “omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to adverse party * * * ” Black’s Law Dictionary, 3rd ed. (1933). Its application, that is, what constitutes unreasonable delay or laches justifying the refusal of a writ of mandamus, is very generally held to depend on the facts and circumstances of each particular case. See 55 C.J.S. Mandamus § 244b at p. 462 (1948). In 55 C.J.S. Mandamus § 373f at p. 648 (1948) it is stated:
The determination of questions of fact in mandamus proceedings is generally held to be for the trial court and not for the appellate court. Accordingly, as a general rule the fact findings of the trial court are not subject to review and will not be disturbed if they are based on substantial evidence even though the evidence is conflicting. The appellate court will not weigh the evidence, but it may set the findings aside where they are without support in the evidence or are manifestly contrary to the great weight of the evidence. * * *
There is no evidence in the record which indicates the Commission was in any way adversely affected by the seven months delay of the appellee in filing this suit. There is substantial evidence to support the judgment of the trial court which had the issue of laches before it. We are of the opinion, therefore, that the appellee was not guilty of laches and that the judgment of the lower court should be affirmed as it is all too apparent that the legislative enactment, Mississippi Code Annotated section 5841 (Supp.1964), was disregarded in the discharge of the appellee.
Affirmed.
ETHRIDGE, C. J., and RODGERS, BRADY and INZER, JJ., concur.