DAVIS *et al. v.* McDONALD.

(Division B. Jan. 24, 1938.)

[178 So. 467. No. 32964.]

Leathers, Wallace & Greaves, of Gulfport, for appellants:

Chalmers Potter, of Jackson, and **Bidwell Adam**, of Gulfport, for appellee:

Argued orally by **R. A. Wallace** for appellant, and by **Bidwell Adam** and **Chalmers Potter**, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Harrison county in favor of John T. McDonald, and against Cecil Davis, I. T. Rhea, and Mrs. I. T. Rhea for $12,500. Mr. and Mrs. Rhea were doing business under the firm name of "Inn By the Sea," and Davis was driving a truck operated in their business. This truck, driven by Davis, collided with the car in which John T. McDonald was riding, the car being the property of one Frank Englander. McDonald was thrown from the car in which he was riding, and suffered several broken ribs,

and a lacerated and dislocated thumb, from which injuries he suffered for a considerable time. His thumb seems to have been seriously injured, and at the time of trial he could not use his hand for this reason, in his occupation as brick and concrete layer. An X-ray made of McDonald after the injury showed that he had arthritis in his hand, thumb, hips, and other parts of his body, and that some of his teeth were decayed, and his gums affected with pyorrhea. The proof shows that in his calling of bricklayer McDonald received $1.25 an hour, or $10 a day when working, and that his earnings from this employment would be about $150 a month. In addition, he had a position with the Oyster Union and the Fisherman's Association, which he had held for about 6 years prior to his injury, from which source he had averaged about $50 a month. After his injury the Oyster Union and Fisherman's Association, after an election of officers, selected another to fill McDonald's place, it being the custom of the association, at intervals, to elect its officers, there being several hundred members of the organization. One of the physicians who attended Mr. McDonald was of the opinion that his injuries were not permanent, and it was shown that there was a complete and perfect healing of the broken ribs. It is said that McDonald's expectancy is 6 and a fraction years.

We deem it unnecessary to set out in greater detail the evidence and proof, showing the nature and extent of the injuries; suffice it to say that we have examined the testimony with care. The only assignment of error or contention is that the verdict is excessive, and we think, from a full consideration of all the evidence, that this contention is well founded. The injuries, at least other than the thumb, were not permanent; the plaintiff was afflicted with arthritis, and, as stated, was 75 years of age; and while previous to his injury he had not had medical attention, or illness, for a long period of time, yet this condition existed, as is not unusual with persons of that age, who cannot be expected to continue vigorous

and with unimpaired capacity to work for the full period of the expectancy. While we give the jury's verdict great consideration, and have a profound respect for their judgment, yet the duty is upon the court, and has been throughout the history of the state, to supervise jury trials, and scrutinize and consider jury verdicts, as to whether they are properly supported by evidence, and whether the amounts are reasonable or greatly excessive. Where the liability is established, and the verdict is deemed excessive according to legal standards for the guidance of the court, the court may grant a new trial on the whole case, or it may fix an amount as the maximum which the court would permit to stand, and give the plaintiff the right to enter remittitur for such amount, and affirm the judgment. When the court fixes the largest amount for which a verdict would be allowed to stand, it does not mean that this is the amount the court would itself fix if it were a trier of the facts; but it fixes the maximum amount which, in the opinion of the court, should reasonably be allowed, giving due weight to differences of opinion upon such subjects by reasonable and prudent men. In a case where the verdict of the jury is for an amount in excess of that which the court finds as the maximum which could reasonably be allowed, the verdict and judgment ceases to be compensation, and becomes spoliation, and in such case the court must afford an appropriate remedy. In this case, after consideration, the court finds that $7,500 is the maximum which could reasonably be allowed by a jury; and, if the plaintiff will enter remittitur within 10 days from the rendition of this opinion, the judgment will be affirmed. If not, the cause will be reversed and remanded.

Affirmed with remittitur.