NEWTON COCA-COLA BOTTLING CO. *v.* SHAW, et al.

No. 41196          June 1, 1959          112 So. 2d 374

*O. B. Triplett, Jr.,* Forest, for appellant.

*William C. Thompson,* Forest, for appellee.

ETHRIDGE, J.

The issue is whether there was any substantial evidence to support the jury's $500 verdict in favor of appellee, Ernest Keith Shaw, a minor, by his next friend, in this suit upon the implied warranty of a bottler of a beverage that the beverage bottled and distributed by it is wholesome and safe for human consumption.

After careful consideration of the record, we have concluded that there is no substantial, believable evidence to support a finding that (1) the extraneous matter was in the bottle when it left the factory and was offered to the public, and when some of it was drunk by appellee, and (2) the consumer received injury from drinking the beverage with any extraneous matter in it. See Coca-Cola Bottling Co. v. Savage, 228 Miss. 612, 89 So. 2d 634 (1956). The evidence does not warrant any more than speculation and conjecture on these issues.

The declaration charged that on March 7, 1958 the plaintiff, a four year old boy, drank a Coca-Cola bottled by defendant which contained kerosene and a brownish substance having the appearance of tobacco. Appellant bottled and distributed the particular Coca-Cola in question. Around the middle of the afternoon plaintiff went to the refrigerator and removed a Coca-Cola, and a friend punched a hole in the top with a knife, for the child to drink. The crown or cap of the bottle was never taken off of it. No witness testified that to his knowledge there was kerosene in the bottle when plaintiff drank it, although some of the witnesses said that the bottle smelled like kenosene. No analysis was made of the inside of the bottle to determine if kerosene or any harmful substance was in it. Dr. J. W. Austin, who treated appellee, did not examine the contents, but, as did other witnesses for plaintiff, smelled only the exterior of the bottle. Plaintiff's own witnesses admitted that it was impossible to tell by smelling the bottle whether the kerosene odor came from the inside or outside. The testimony for appellant went into detail as to the process for cleaning and filling the bottles at its plant. Although it would be possible for a solid substance to get in one of the containers, appellant's evidence as to the manufacturing process indicates that it is most unlikely for a liquid such as kerosene to be bot-

tled in a Coca-Cola at the plant. There was no kerosene around appellant's plant.

■■ The question is whether the jury had sufficient evidence before it to uphold its verdict, or conversely, whether defendant should have been given a peremptory instruction. The verdict must be supported by competent evidence of a reasonably believable nature. Yazoo and M. V. Railroad Co. v. Lamensdorf, 180 Miss. 426, 177 So. 50 (1937); Davis v. McDonald, 180 Miss. 780, 178 So. 467 (1938); Great Atlantic and Pacific Tea Co. v. Davis, 177 Miss. 562, 171 So. 550 (1937). ■■ on the first question, the evidence was wholly insufficient to support a finding that there was kerosene or other deleterious substance in the Coca-Cola which the plaintiff drank. To hold otherwise would be mere conjecture and speculation.

■■ The evidence was also insufficient to support a finding that the kerosene allegedly in the bottle caused appellee's illness. Plaintiff has been sick all of his life with a fever, the cause of which has never been diagnosed. He was ill the night before, and had fever, so on the morning in question his parents took him to the doctor's office. He had bronchitis, an infection in the bronchial tubes, and a cold in the chest. Dr. Austin treated him for those ailments. That afternoon Keith drank the Coca-Cola. Witnesses for plaintiff contradicted each other on what he ate for breakfast and for lunch, the time when he drank the beverage, how much he drank, and how quickly he began vomiting after he drank it. But it would appear that Keith drank the Coca-Cola in the middle of the afternoon. Some of plaintiff's witnesses said he became pale and began regurgitating immediately, others said in 20 to 30 minutes. That night his parents undertook to treat him with a digestive medicine, and took him to Dr. Austin the next morning. The doctor said the child was then vomiting and had diarrhea. He diagnosed the illness as acute gastroenteri-

tis. Dr. Austin said this was a common ailment with children, caused sometimes by virus, bacteria, or by food; and it takes several hours to develop to a point where the illness is observable. Considering this and other relevant testimony, it would be only conjecture or speculation to conclude that the Coca-Cola caused the child's gastroenteritis, assuming *arguendo* that the bottle contained a deleterious substance.

In fine, the evidence wholly fails to show that the Coca-Cola was contaminated when plaintiff drank it, and there was any causal connection between his drinking it and his illness. The circuit court therefore erred in refusing to give appellant's requested peremptory instruction. Its judgment is reversed and judgment is rendered here for appellant.

Reversed and judgment rendered for appellant.

*Roberds, P. J.,* and *Holmes, Arrington,* and *Gillespie, JJ.,* concur.