# Louisville & Nashville Railroad Co. v. Lancaster.

### *Action for Damages for Killing Stock.*

1. *Judgment before justice; when single.*—If a trial is had before a justice of the peace on a complaint alleging the killing of two steers and a milch cow, and judgment is rendered against the defendant for the two steers and in his favor for the cow, the judgment is single and if appealed from to the circuit court the whole case is triable *de novo*.

2. *Complaint before justice amendable on appeal.*—If the complaint before a justice of the peace contains a claim for two separate and distinct torts in one count, the complaint on appeal may be amended so as to charge the separate torts in separate counts.

3. *Weight and sufficiency of evidence left to the jury.*—The question of weight and sufficiency of evidence is always left to the jury, unless its insufficiency is so patent and palpable that the court would not permit a verdict to rest on it.

4. *Evidence when not withdrawn from the jury.*—Whenever evidence affords a reasonable inference of the existence of a necessary fact to the right of recovery, it should not be withdrawn from the jury.

5. *Charge invading province of the jury.*—A charge which ignores and withdraws from the consideration of the jury all the evidence in the case but that of one witness, is in effect an invasion of the province of the jury, and is properly refused.

6. *General charge when not given.*—The general affirmative charge should not be given where there is conflict in the evidence, or where the evidence is open to reasonable inference of a material fact unfavorable to the party requesting the charge.

APPEAL from the circuit court of Elmore.

Tried before the HON. N. D. DENSON.

This action was commenced in a Justice Court by Jno. A. Lancaster against the L. & N. R. R. Co. and was carried by appeal to the Circuit court. In the justice court there was only one count to the complaint in which damages were claimed for killing two steers and one

milch cow. The justice gave judgment for the plaintiff for the killing of the two steers and for the defendant for the cow. The steers and the cow were killed at different times and places. In the circuit court the plaintiff was permitted to amend the complaint by alleging each killing in a separate count. After the evidence was received the defendant moved to exclude the entire evidence for the plaintiff on the ground of its insufficiency. He also asked certain special charges as follows: Charges 1 and 3 if the jury believed the evidence of witness Jenkins they will find for the defendant; charges 2 and 7 were each the general charge; charge 5 that there was no evidence that defendant killed the cow and there can be no recovery for the cow; charge 8 that there was no evidence to prove the replication and plaintiff cannot recover for the cow sued for.

THOS. G. and CHAS. P. JONES and ALEX C.BIRCH, for appellant, cited, *L. & N. R. R. Co. v. Cofer,* 110 Ala. 491; *L. & N. R. R. Co. v. Malone,* 109 Ala. 509; *L. & N. R. R. Co. v. Henlein,* 56 Ala. 373.

H. R. GOLSON, *contra,* cited *Weedon & Dent v. Clark,* 94 Ala. 505.

DOWDELL, J.—The suit in this case was begun in the justice of the peace court. The original complaint before the justice contained three counts. In each count damages were averred and claimed for the negligent killing by the defendant of two steers and one milch cow property of plaintiff. The two steers were averred to have been killed on the same day and at the same time by defendant's train, and the cow was averred to have been killed on a different day. Thus, two distinct causes of action for two distinct torts, were averred in each of the three counts of the complaint. Without objection to this manner of pleading, the cause was tried before the justice of the peace. The justice rendered judgment against the defendant as to the two steers, but in its favor as to the milch cow. From this judgment of the juctice, the defendant sued out an appeal to the circuit court. On demurrer filed to the complaint in the circuit

court, for joining different causes of action in the same count, the plaintiff amended his complaint by averring the different causes in separate counts. This was proper.—*L. & N. R. R. Co. v. Cofer*, 110 Ala. 491. On this trial there was a verdict against the defendant for the milch cow. It was insisted by the defendant in the circuit court, and the insistence is the same here, that the judgment of the justice in its favor for the milch cow was final, and that no appeal was taken from that judgment. The argument of counsel for the appellant is ingenious and plausible, but we think wanting in genuine merit.

There may have been different causes of action in the same complaint before the justice, but there was a unity and singleness in other respects. There was one suit, one complaint, one trial, and a single judgment. There is no provision in the statute for appealing from a part of a judgment. The appeal in this case was taken under section 481 of the Code, and is governed by that section and the following sections of the same chapter as to all subsequent proceedings. Section 488 provides when and how appeals from justices of the peace shall be tried. "All such cases must be tried *de novo* and according to equity and justice, without regard to any defect in the summons, or other process, or proceedings before the justice." This language is broad and comprehensive, and the matter of appeal, is designated by the statute as the "*case.*" Section 484 provides that the justice shall send up to the circuit court all of the original papers of the cause, together with a statement, signed by him, of the case, and the judgment rendered by him. Then the *case* is to be tried in the circuit court *de novo,* or in other words, as if no trial had ever been had, and just as if it had originated in the circuit court. The appeal when taken operates to annul and vacate the entire judgment of the justice of the peace, and not a part only of the judgment. The judgment of the justice cannot upon the trial in the circuit court be looked to as a matter of evidence or of estoppel. "The judgment of the justice is not reversed, or affirmed; but a new, distinct, and independent judgment, as may be required by the merits shown on the trial, is rendered by the city or circuit

court."—*Abraham v. Alford,* 64 Ala. 281; *Harsh et al. v. Heflin,* 76 Ala. 499.

The foregoing views cover and dispose of all of the assignments of error, except those relating to testimony and the written charges refused by the court. The defendant moved the court to exclude the entire testimony of the plaintiff and his two witnesses Young and Martin. As argued by appellant's counsel, the motion to exclude the testimony of these witnesses, is upon the theory of its insufficiency, whether considered separately or as a whole, to show that the cow was killed by the defendant's train. No question is raised as to its competency or relevancy. The question of the weight and sufficiency of evidence is always left with the jury, unless its insufficiency is so patent and palpable, that the court would not permit a verdict to rest upon it. Whenever evidence affords a reasonable inference of the existence of a necessary fact to the right of recovery, it should not be withdrawn from the jury. The testimony of the three witnesses when taken as a whole show substantially the following facts: That when the special train passed the point, near which, the cow in a few minutes afterwards was found injured and lying down, two blasts from the engine whistle were sounded; that it was near a road crossing, but not a public road; that there were marks of violence on the cow; bruises on the right side of her head, neck, and side, and the hair "knocked" off, though no bones were broken; the cow afterwards died from the injuries. There was no evidence tending to show that the cow was otherwise injured than by the defendant's train. The fact of the injury to the cow by defendant's train, would not be an unreasonable inference for the jury to draw from this evidence. We think the court properly overruled the motion to exclude the testimony.

Charges requested by the defendant, numbered 2, 5, 7, and 8, were in effect the general affirmative charge. The affirmative charge should never be given, when there is a conflict in the evidence as to any material fact in issue, or where the evidence is open to reasonable inference of a material fact unfavorable to the party requesting the charge.—*Anderson & Shackelford v. Railroad*

*Co.,* 109 Ala. 129; *Moody v. Ala. Great So. R. R. Co.,* 99 Ala. 553; *Chattanooga So. R. R. Co. v. Daniel,* in MS.

The first and third charges requested, were in effect an invasion of the province of the jury. These charges ignored, and withdrew from the consideration of the jury, all the evidence in the case but that of the witness Jenkins, and were therefore properly refused. We find no error in the record and the judgment of the circuit court is affirmed.