## STANFORD v. NORWOOD TRANSP. CO. et al. (6 Div. 95.)

(Court of Appeals of Alabama.   Jan. 9, 1923.
Rehearing Denied April 3, 1923.)

**1. Trial ☞143—Affirmative charge unwarranted, if evidence in conflict.**

The affirmative charge should never be given, when there is a conflict in the evidence on any material fact in issue.

**2. Corporations ☞29(2)—Corporate organization cannot be collaterally attacked for fraud.**

In a proceeding to subject corporate property to liability for a judgment obtained against the corporation, its organization cannot be collaterally attacked for fraud, particularly since, if it be declared not a corporation, defendant's judgment against it as such would fall.

**3. Quo warranto ☞16—State by quo warranto may grant relief against corporation fraudulently organized or improperly using its franchise.**

If a corporation is fraudulently organized or is using its franchise for the purpose of defrauding the public, the state by quo warranto may inquire into the matter and grant relief.

Appeal from Circuit Court, Jefferson County; J. Q. Smith, Judge.

E. W. Stanford, having recovered judgment against the Norwood Transportation Company, and levy of execution being had on certain property, the Birmingham Realty Company interposed its claim, and, on the trial of the claim suit, there was judgment for claimant, and plaintiff appeals. Affirmed.

See, also, 18 Ala. App. 428, 98 South. 77.

This charge, and others to like effect, were requested by and refused to the plaintiff:

"I charge you gentlemen of the jury, that, if the jury believe that the transportation company was in possession of the property when it was levied on, then you must find for the plaintiff, unless the Birmingham Realty Company has established to your reasonable satisfaction that there was a valid lien for rent owed by the transportation company."

Bowers, Dixon & Bowron, of Birmingham, for appellant.

Affirmative charge should not be given, where there is evidence or inferences unfavorable to the party asking it. 190 Ala. 229, 67 South. 513; 171 Ala. 88, 55 South. 135; 2 Ala. App. 531, 56 South. 822; 121 Ala. 471, 25 South. 733; 190 Ala. 157, 67 South. 265; 96 Ala. 406, 11 South. 417; 29 Ala. 240. The legal fiction of corporate existence may be disregarded in a case where a corporation is so organized and controlled as to make it merely instrumental, or an adjunct to another corporation. 219 Fed. 827, 135 C. C. A. 497; 234 Fed. 41, 148 C. C. A. 57; (C. C.) 139 Fed. 496; 66 Md. 354, 7 Atl. 608; 95 Tex. 51, 65 S. W. 27, 55 L. R. A. 861; 84 Pa. 321; 202 Pa. 596, 52 Atl. 92; 177 Fed. 825, 101 C. C. A. 39. The doctrine that, where a party has sued and obtained judgment against a corporation, he is thereafter estopped to deny its corporate existence, does not apply to a claim suit, where the claimant comes in as an individual, and not as a shareholder. 196 Ala. 234, 72 South. 48; 109 Ala. 586, 19 South. 845; 80

Ala. 351; 190 Ala. 683, 67 South. 420; 82 Ala. 102, 2 South. 468; 21 C. J. 1059.

London, Yancey & Brower, of Birmingham, for appellee.

No brief reached the Reporter.

SAMFORD, J. After hearing all the evidence in this case, the trial judge instructed the jury to find for the plaintiff, and, that question being decisive of this appeal, it will be unnecessary to discuss any of the others argued in brief.

The plaintiff obtained a judgment against the Norwood Transportation Company, a corporation, execution issued on this judgment and was levied on property of the defendant corporation, which property was contained in the building in which the defendant was doing business and was a part of the defendant's stock, used by it in the carrying on of its business. Proof was made of judgment, execution, and levy. The claimant, a corporation, filed its claim bond, claiming a lien for rent under section 4747 of the Code of 1907. Proof was made that this rent was due claimant and that it was unpaid. The court did not err in giving the general charge as requested.

There is no error in the record and the judgment is affirmed.

Affirmed.

## On Rehearing.

[1] Earnest insistence is made, by counsel for appellant that a new and novel proposition of law is presented in this record, necessary to a decision of the appeal, which is not responded to by the original opinion. This court confesses its inability to find in the record any such legal principle as would change the conclusions already reached. We are cited many authorities holding to the well-recognized rule that:

"The affirmative charge should never be given, when there is a conflict in the evidence to any material fact in issue, or where the evidence is open to reasonable inference of a material fact unfavorable to the party requesting the charge." L. & N. v. Lancaster, 121 Ala. 471, 25 South. 733.

This rule has so often been iterated and reiterated as to become well known to the entire profession. But, how the rule can be of benefit to appellant in this case we are unable to see.

[2, 3] The plaintiff cannot, in a collateral proceeding, attack the organization of the defendant company for fraud, and even if it should be allowed, the plaintiff's claim and standing in this suit is dependent upon a judgment, wherein he has alleged and been awarded a judgment against the defendant as a corporation. If the defendant is declared not to be a corporation, then plaintiff has no judgment, and his action fails. If defendant is a corporation, it has the power to contract, and it and its property is amenable to the judgments and liens provided by law, in cases made and provided. It had a right to contract for the rent of claimant's property, and, so far as the undisputed evidence discloses, it did so contract, and there is no evidence from which an inference may be reasonably drawn that such is not the fact. It is also an undisputed fact that the rent had not been paid. Whether such rent could have been collected and the realty company failed to do so, might render its officers liable to account to the realty corporation, but plaintiff cannot complain, and if the defendant was fraudulently organized or is using its franchise for the purpose of defrauding the public, the state by quo warranto may inquire into the matter and grant relief.

We see no reason to change the conclusion already reached.

Application is overruled.

MERRITT, J., not sitting.