Cheshire,
No. 5073.

BENJAMIN MEYER *v.* JOHN R. SHORT.

Argued November 7, 1962.

Decided November 30, 1962.

*Bell & Bell* and *Peter S. Espiefs* (*Mr. Espiefs* orally), for the plaintiff.

*Cristiano & Kromphold* (*Mr. Joseph T. Cristiano* orally), for the defendant.

LAMPRON, J. Prior to the view plaintiff's counsel asked that the jury be allowed to walk from the top of a hill about 1,000 feet northerly of the scene of the accident to the intersection

where the cars collided. This was to enable the jury to get the view his client had as he drove along that route before the collision. Defendant objected, and counsel being unable to agree, the Court instructed the sheriff that the view was to be taken in the customary and usual manner. In this connection it may be noted that the better practice, which we believe should be followed in the future, would have been for the Court to have made a definite ruling when the objection was raised rather than leaving the conduct of the view to the discretion of the sheriff.

The jury, which was at all times under the control and surveillance of deputy sheriffs, alighted from the bus, in which they were transported, at the crossroads where the accident took place. After observing that location, the jury walked northerly up the hill a distance of about 1,000 feet to where the bus was waiting for them.

Defendant maintains that this was in effect asking the jury to put themselves in the position of the plaintiff to see what his visibility was on the day of the accident and constitutes an improper experiment.

It is true that "tests and experiments are not permissible at a view unless specifically authorized by the court." *Chouinard* v. *Shaw*, 99 N. H. 26, 28. However the purpose of the view is to enable the jury to observe places or objects which are pointed out to them by counsel and thus provide them with a mental picture of the locality to be used in better understanding the testimony and also as evidence in their deliberations. *Id.*; RSA 519:21.

We are of the opinion that the walk taken by the jury along a part of the route traveled by the plaintiff before the accident was in the nature of an observation of physical facts relevant to the issues on trial rather than an experiment. *Flint* v. *Company*, 73 N. H. 483, 485. Assuming however that it was considered an experiment we cannot say that the ruling of the Trial Court denying defendant's motion for a mistrial because of it was clearly wrong and should be overruled. *State* v. *Langelier*, 95 N. H. 97, 99; *Sweeney* v. *Willette*, 98 N. H. 512, 513.

Defendant's motion for a mistrial was also based on the following. During the view of the scene of the accident by the jury, a State Trooper, Roy Sederstrom, was controlling traffic at the top of the hill previously mentioned. His cruiser was nearby with lights flashing. When the jury left the crossroads and

walked up to the top of the hill, the Trooper backed his cruiser away and again got out and slowed down traffic. He is the officer who investigated the accident between these parties shortly after its occurrence and was the first witness called by the plaintiff upon the jury's return from the view.

It is contended by the defendant that this Trooper "handled" the jury at the top of the hill as assistant to the sheriffs in charge thus becoming an officer of the court. He argues further that his association with the jury created an atmosphere of control and influence over that body which was prejudicial to the defendant in that it gave his testimony unwarranted extra weight in the minds of the jury.

No general rules can be formulated as to whether particular acts by the parties or others during a view constitute prejudicial misconduct. 45 A.L.R. 2d 1128, 1133. However it is appropriate to repeat here what was said in *Cloutier* v. *Charland,* 100 N. H. 63, with regard to counsel or parties intermingling with jurors. The practice should be discouraged "since it may lead to misunderstandings and extended litigation." *Id.,* 64. The same admonition applies to the use of an officer who is a witness in the case to control traffic at the view.

Defendant admits there is nothing to indicate that the Trooper had any conversation with the jury and there is no evidence of any contact other than his presence at the view directing traffic. This is unlike the situation in *McLaughlin* v. *Union-Leader,* 99 N. H. 492, where a juror talked with an agent of one of the parties and in *Scahill* v. *Jabre,* 101 N. H. 263, where a juror sat at the same table in a restaurant with one of the parties and conversed with her. In denying motions for mistrials in these cases, the Trial Court found, as did the Trial Court in this case, that the defendant had a fair trial. *McLaughlin* v. *Union-Leader, supra,* 499; *Scahill* v. *Jabre, supra,* 265. This determination which is in effect a finding that the verdict was not affected by the incidents complained of is entitled to great weight. No reason appears why that finding should be disturbed or the action of the Court set aside. *Chagnon* v. *Union-Leader Co.,* 103 N. H. 426, 441.

*Judgment on the verdict.*

All concurred.