297 So.2d 802

**In re Willie Leon MILLER**

v.

**William HOLDER et al.**

**Ex parte Willie Leon Miller.**

**SC 682.**

Supreme Court of Alabama.

July 11, 1974.

Charles M. Ingrum, Opelika, for petitioner.

Walker, Hill, Gullage, Adams & Umbach, Opelika, for respondents.

COLEMAN, Justice.

Petitioner Miller, who is plaintiff in trial court, filed petition for mandamus to require the respondent Judge to allow plaintiff to amend his complaint by adding additional parties defendant. This court granted the rule nisi. The matters giving rise to the instant proceeding are alleged in the petition as follows:

On August 1, 1973, Miller filed his complaint against four persons, namely, Holder, Grant, Williams, and Walton, and also "XYZ Corp. as surety on Defendant's bonds." The original complaint contained one count which recites as follows:

*"Count One*

"The Plaintiff claims of the Defendants the sum of Twenty Five Thousand and 00⁄100 Dollars ($25,000.00) for damages for wrongfully arresting and imprisoning the Plaintiff on the charge of operating a business without a license, on, to-wit, the 19th day of January, 1973. And Plaintiff avers that the said arrest was made by Defendants Robert Williams and Jack Walton, Jr., who were then police officers acting for the Defendant, William Holder, who was then the Chief of Police of the City of Auburn, County of Lee, State of Alabama. And Plaintiff avers that he was wrongfully arrested on the night of January 19, 1973, and while under arrest was carried to the City of Auburn, Alabama, and was seen by many people while so under arrest; that he was confined to jail for, to-wit, nine (9) hours; that he was kept from his wife and children who were left at home by themselves; that he suffered great humiliation and was greatly mortified, and that he lost time from his work, all to his damage as aforesaid."

On November 13, 1973, plaintiff Miller filed interrogatories to defendants.

On December 7, 1973, defendants took plaintiff's deposition.

On January 8, 1974, defendants Walton and Williams filed their answers to the interrogatories.

The respondent admits the foregoing averments of the petition.

Plaintiff alleges in his petition that, upon reading the answers to the interrogatories, he discovered that two more parties, namely: James Pearson, Sheriff of Lee County, and John Jackson, an Auburn police officer, were named as participating in the arrest of plaintiff; that, on January 10, 1974, plaintiff amended his complaint by adding Pearson, Jackson, and ABC Corporation, as surety on the bond of Pearson, as defendants. A copy of said amendment is made exhibit to the petition.

Respondent answers that he has no knowledge of when plaintiff discovered that the two additional parties participated in the arrest of plaintiff. Respondent admits that plaintiff amended his complaint on January 10, 1974, the date of the pretrial hearing.

Plaintiff further alleges in petition that pretrial hearing was held on January 10, 1974, and continued until January 15, 1974, that defendants filed motion to dismiss the complaint as amended; that respondent sustained defendants' motion and refused to allow plaintiff leave to add additional parties.

Plaintiff alleges that respondent's ruling was erroneous under the Alabama Rules of

Civil Procedure, and that plaintiff acted diligently upon receipt of the answer to his interrogatories and did not desire to cause delay of the trial.

To the latter allegations of the petition respondent answers that under Rule 15(a) of the Alabama Rules of Civil Procedure he has the discretion to deny the amendment, if, in his opinion, the amendment would cause actual prejudice to the adverse party for eight reasons which are stated in the answer. The reasons are discussed later in this opinion.

Counsel for respondent argue in brief that the writ of mandamus should not be available to review the decision of a trial judge under Rule 15(a) of the Alabama Rules of Civil Procedure because of the trial judge's broad discretionary power in granting or disallowing amendments.

As amended by Amendment 328 [1] of the Constitution of 1901, Section 140 of the Constitution provides in pertinent part as follows:

"(b) The supreme court shall have original jurisdiction . . . (2) to issue such remedial writs or orders as may be necessary to give it general supervision and control of courts of inferior jurisdiction . . . "

In all material respects, Section 140, as amended, confers on the supreme court the same authority granted to the court by the following provision in the original Section 140 of the Constitution of 1901, to wit:

" . . . provided, that the supreme court shall have power to issue writs of injunction, habeas corpus, quo warranto, and such other remedial and original writs as may be necessary to give it a general superintendence and control of inferior jurisdictions."

This court has consistently held that mandamus will not lie to review an interlocutory order of a trial court where adequate relief can be had by appeal. This court has said:

" . . . Where full and ample relief can be had by appeal, writ of error, or otherwise, courts will not, and should not, permit the functions of these everyday remedies to be usurped by *mandamus*. The decisions of this court, though not entirely reconcilable, are numerous in support of this fundamental principle.

" . . .

"In Ex parte Elston, *supra* (25 Ala. 72), this court, we think, properly repudiated the idea that, at every step taken in the primary court, which a party supposes to be error, an appeal would lie to revise its action; and it was forcibly said: 'Our primary courts would be embarrassed beyond endurance, and our terms would, in a great measure, be consumed in the argument of points raised upon the preliminary action of the inferior courts.' Similar views have been expressed by a learned text-writer, who suggests that interference of this character, if tolerated, would 'speedily absorb the entire time of the appellate tribunals, in revising and superintending the proceedings of inferior courts, and the [consequent] embarrassment and delay of litigation would soon become insupportable, were the jurisdiction by *mandamus* sustained in cases properly falling within the appellate powers of the higher courts, quite as far as we are willing to 180.

"It is proper to add, that our past decisions have carried the principle of interference by *mandamus*, with the inter-

1. Under annotations and amendments to the Constitution of Alabama 1901, in the 1973 Cumulative Supplement to Volume 1 of the 1958 Recompiled Code, the Michie Company has indicated that the new Judicial Article is Amendment No. 333; however, the official records of the Secretary of State of Alabama reflect that the amendment number is 328.

locutory orders and motions of inferior courts, quite as far as we are willing to extend it. One inclination is rather to restrain, than to enlarge such jurisdiction, as being more in harmony with the weight of authority and sound reasoning. Ex parte Garland, 42 Ala. 559, opinion of BYRD, J.; High's Extr.Leg.Rem. § 186.

"It is not our intention to intimate, by, these conclusions, that *mandamus* would not lie to compel the *allowance* of an amendment by an inferior court in a proper case. This would stand on a different basis from the case under consideration, as, without the benefit of such amendment, the plaintiff might be deprived of the power to put his case to the jury, and thus encounter much unnecessary embarrassment and delay." Ex parte South & North Ala. R. R. Co., 65 Ala. 599, 600, 601.

A number of cases to the same effect are cited in Alabama Digest, Mandamus, ⊙�407;4.

In awarding mandamus to require a trial judge to vacate an order, this court said:

"While it is the general rule in this state that mandamus ordinarily will not be granted if the matter complained of can be presented ultimately on an appeal (Martin v. Martin, 267 Ala. 600, 605, 104 So.2d 302; Brittain v. Jenkins, 263 Ala. 683, 684, 83 So.2d 432), a review by mandamus has been allowed where, because of the particular circumstances involved, adequate redress cannot be afforded by appeal after final judgment (Brittain v. Jenkins, supra; Ex parte Merchants Nat. Bank of Mobile, 257 Ala. 663, 664, 60 So.2d 684)." Ex parte State, 271 Ala. 203, 207, 123 So.2d 209, 213.

In a subsequent case the court said:

"In Ex parte Louisville & N. R. Co., 211 Ala. 531, 100 So. 843, this court held that mandamus would lie to review an order denying transfer of a cause from law to equity. The reason for the holding is stated as follows:

"'It would work injury to the defendant to require it to go through this trial and wait until after final judgment in the ejectment suit before presenting for review this ruling on its motion. The remedy by appeal after final judgment may be adequate to correct the error, but it is attended with injury to the defendant. . . .' (211 Ala. at 532, 100 So. at 844)"

Ex parte Jim Dandy Company, 286 Ala. 295, 297, 239 So.2d 545, 546.

The test to be applied in deciding whether mandamus should be granted to review an interlocutory order has been stated as follows:

"We have said that the test as to whether mandamus will be issued now seems to depend on whether the remedy by appeal is adequate to prevent undue injury rather than the availability merely of remedy by appeal. . . ." Guaranty Funding Corp. v. Bolling, 288 Ala. 319, 328, 260 So.2d 589, 597.

■ In the case at bar, if the ruling disallowing plaintiff's amendment adding additional parties is allowed to stand, he will be put to trial against the original defendants. He will be able to obtain review of the ruling denying his amendment only by appealing from the final judgment in a trial against the original defendants. If plaintiff is successful on such an appeal, and judgment is reversed, he will be put to a second trial against the additional defendants and possibly against the original defendants also. On these considerations, the remedy by appeal is not an adequate remedy. Accordingly, review on petition for mandamus is due to be granted.

■ It is not to be assumed or understood, however, that mandamus will be allowed as a method of reviewing all rulings denying the right to amend a complaint or other pleading. In accord with the weight

of authority and sound reasoning, it may well be that review of the great majority of rulings allowing or disallowing amendments will be only by appeal.

Paragraphs (a) and (b) of Rule 15 of the Alabama Rules of Civil Procedure recite as follows:

"(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within thirty (30) days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within ten (10) days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.

"(b) Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice

him in the maintaining of his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence. An amendment shall not be refused under subdivisions (a) and (b) of this rule solely because it adds a claim or defense, changes a claim or defense, or works a complete change in parties. The Court is to be liberal in granting permission to amend when justice so requires." 290 Ala. 433, 434.

With two exceptions, Paragraphs (a) and (b) appear to be substantially identical with Paragraphs (a) and (b) of Rule 15 of the Federal Rules of Civil Procedure. The first exception is that the words and figures, "20 days," in the first sentence of the Federal Rule 15(a) have been changed to the words and figures, "thirty (30) days," in the Alabama Rule 15(a). The second exception is that the last two sentences in Alabama 15(b) do not appear in Federal Rule 15(a).

The Supreme Court of the United States has said:

"The Court of Appeals also erred in affirming the District Court's denial of petitioner's motion to vacate the judgment in order to allow amendment of the complaint. As appears from the record, the amendment would have done no more than state an alternative theory for recovery.

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), ¶¶ 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222.

The following comment has been made on Rule 15(a):

"As in the case of amendments as of course under the first sentence of Rule 15(a), any of the pleadings enumerated in Rule 7(a) may be amended with leave of court and the rule does not restrict the purposes for which an amendment may be made or its character. However, unlike amendments as of course, amendments under the second portion of subdivision (a) may be made at any stage of the ligitation. The only prerequisites are that the district court have jurisdiction over the case and an appeal must not be pending. If these two conditions have been satisfied the court will proceed to examine the effect and the timing of the proposed amendments to determine whether they would prejudice the rights of any of the other parties to the suit. If no prejudice is found, then leave normally will be granted. Furthermore, as is discussed more fully in a later section, the court may enter a conditional order granting the amendment to protect the other parties to the action from possible harm. However, if the amendment cannot be introduced without substantial prejudice or inconvenience, the court may deny leave to amend, particularly if the proffered amendment will not promote the disposition of the case on its merits." 6 Wright & Miller, Federal Practice and Procedure, Civil, § 1484, pages 419, 420, and 421.

Committee Comments on Rule 15(a) contain the following statement:

"Under Rule 15(a) and (b) the test as to whether amendment is proper will be functional, rather than, as under present Alabama law, conceptual. Under the rule it will be entirely irrelevant that a proposed amendment changes the cause of action or the theory of the case or that it states a claim arising out of a transaction different from that originally sued on or that it caused a change in parties. . . . The rule, instead, is that amendments are to be allowed 'freely . . . when justice so requires.' Normally, an amendment should be denied only if the amendment would cause actual prejudice to the adverse party. 6 Wright & Miller, Federal Practice & Procedure, Civil, § 1484 (1971). . . ." 290 Ala. 435.

Another commentator has written:

"The more common reasons for denying leave to amend are that the amendment will result in undue prejudice to the other party, is unduly delayed, is not offered in good faith, or that the party has had sufficient opportunity to state a claim and has failed.

"The above reasons are, of course, not exhaustive. And a court may deny leave to amend for some other good and sufficient reason.

". . . In evaluating claims of prejudice, whether claimed by reason of delay or otherwise, the possible prejudice to the moving party if the motion is denied may also be weighed." Moore's Federal Practice, Vol. 3, § 15.08 [4], pages 897, 898, 900, and 902.

Respondent's argument in support of disallowance of plaintiff's amendment is summarized in brief as follows:

". . . Defendant respectfully contends that in the present case there ex-

ists no compelling reason to allow Petitioner to amend. On the contrary, to allow the amendment would cause actual prejudice to the Defendants as set out in paragraph number 6 of the Answer to Petition for Rule Nisi and Mandamus on file herein."

For reasons already stated, plaintiff will be prejudiced by wrongful disallowance of plaintiff's amendment because, in that event, plaintiff will be required to prosecute two separate cases to obtain full compensation for the single injury upon which plaintiff bases his claim to relief.

The respondent asserts in paragraph 6 of the answer that allowing the amendment would cause actual prejudice to the original defendants for eight reasons which are next set out and considered. The reasons are designated by the letters in parentheses from "(a)" to "(h)," both inclusive, as shown below.

"(a) At the time of the filing of the amendment, the Plaintiff could have still filed suit against the additional Defendants as the statute of limitations had not run."

Reason (a) may be relevant to the inquiry as to what prejudice plaintiff might suffer if the amendment is disallowed, but the fact that plaintiff could have filed a separate second action against the additional defendants does not in anywise affect the original defendants in presenting their defense to the action against them.

"(b) In the second suit, the Defendants would not have the defense of res judicata."

It is not shown that the original defendants would have any concern as to any defense the additional defendants might or might not be able to assert in the second suit. The fact that the additional defendants could not assert the defense of res judicata in the second suit, to which the original defendants would not be parties, would not prejudice the original defendants in presenting their defense to the original suit on any theory which has been presented on this appeal. To say that the inability of the additional defendants to present the defense of res judicata in the second suit would result in actual prejudice to the original defendants if the amendment is allowed, appears to be a non sequitur.

"(c) Should the Defendants in the second suit, the Sheriff of Lee County, Alabama, his surety company, or John Jackson, make inconsistent statements in the first and second trials, the Defendants' testimony in the first trial would be admissible in the second trial for purposes of impeachment."

The premise of Reason (c) is a presumption that the additional defendants will make inconsistent statements in two trials. The assertion that a witness will make inconsistent statements on a material matter must rest on speculation or conjecture. If the witnesses do not make such statements, the conclusion seems to be that the original defendants would not be prejudiced. The relevancy of Reason (c) to the question whether allowance of plaintiff's amendment will result in actual prejudice to the original defendants because the additional defendants may make inconsistent statements is not perceived by this writer. In any event, a showing of actual prejudice ought to be based on something other than speculation or conjecture.

"(d) The depositions taken by the Defendants would not be admissible if the Plaintiff was allowed to join different parties defendant. In addition, the depositions were taken on the theory of presenting a defense to an action for false imprisonment, not malicious prosecution, which cause of action the Plaintiff had added in its amended Complaint."

Rule 15(b) provides that:

". . . An amendment shall not be refused under subdivision (a) and (b) of

this rule solely because it adds a claim or defense, changes a claim or defense, or works a complete change in parties. The Court is to be liberal in granting permission to amend when justice so requires." 290 Ala. 434.

If justice requires that defendants be allowed to take additional deposition of plaintiff, the court may allow a continuance and opportunity for defendants to take such deposition as a condition for allowing plaintiff's amendment.

"(e) The Defendants were entitled to a speedy trial and were entitled to have their case resolved since it had been pending since August 1, 1973."

There is nothing to show that plaintiff was guilty of unreasonable delay or lack of good faith in seeking to amend when he did so. It appears that plaintiff was not informed until January 8 that the additional defendants had participated in the arrest of plaintiff and that plaintiff filed his amendment two days later on January 10. The following appears to answer Reason (e):

"It should be particularly noted, however, that while laches and unexcused delay may bar a proposed amendment, the mere fact that an amendment is offered late in the case is not enough to bar it if the other party is not prejudiced. . . ." Moore's Federal Practice, Vol. 3, § 15.08 [4], page 901.

"(f) The Defendant, JACK WALTON, JR., had been accepted to attend the F.B.I. Academy, but had been told that he could not attend until this case had been finally resolved and he had been acquitted of any wrongdoing in this matter. He was to attend the Academy in April of 1974, and the next term of the Second Term of the Circuit Court of Lee County, Alabama, begins on May 6, 1974. Therefore, unless the case was tried during the January, 1974, term of the Circuit Court of Lee County, Alabama, the Defendant, JACK WALTON, JR., would not be able to attend the F.B.I. Academy."

Inability of Walton to attend the F.B.I. Academy is a personal disappointment and inconvenience to him, but his attendance of the Academy is a matter not relevant to determination of the instant case. It is not shown that his attending or not attending the Academy will have any effect on his defense of the suit, or prejudice his defense in any manner. The actual prejudice which will bar an amendment appears to be a disadvantage in presenting a claim or defense and not a personal inconvenience in a matter which has no connection with the case in which the amendment is offered.

"(g) The parties sought to be added by the Plaintiff were not indispensable parties."

The additional defendants are not indispensable parties to the suit, but the additional defendants are proper parties according to the allegations of the amended complaint. No authority has been presented which holds that defendants will be prejudiced by the addition of proper parties although such parties are not indispensable. The fact that the additional parties are not indispensable parties does not appear to be a reason for disallowing an amendment which adds additional defendants.

"(h) If the amendment had been allowed, the Defendants would not have had the opportunity to obtain discovery pertaining to the additional cause of action of malicious prosecution."

As already mentioned, the court may impose as a condition to the amendment that defendants be allowed opportunity to obtain further discovery if they so desire.

Rule 15(a), with respect to amendments for which leave of the court is required, provides that "leave shall be freely given when justice so requires."

Rule 15(b) admonishes that: ". . . The Court is to be liberal in granting permission to amend when justice so requires."

Referring to the Alabama Rules of Civil Procedure, Rule 1 provides that: ". . . They shall be construed to serve the just, speedy and inexpensive determination of every action."

On consideration of the matters noted above, we are of opinion that the defendants would not suffer "actual prejudice" for the reasons noted in respondent's answer, and that in the light of the admonitions that leave to amend shall be freely given when justice so requires, the plaintiff here should be allowed to amend his complaint by adding the additional defendants as he has undertaken to do.

If, upon advice of this decision, the trial court does not enter an order allowing the plaintiff to amend his complaint by adding James Pearson, ABC Corporation as surety on the bond of James Pearson, and John Jackson as parties defendant, the peremptory writ to effectuate such ends will issue at the request of petitioner.

Writ awarded conditionally.

HEFLIN, C. J., and BLOODWORTH, McCALL and JONES, JJ., concur.