BRADLEY, Judge.
This is an appeal from a judgment in favor of plaintiff in a negligence action.
Tommy Ray Williamson sued Rayford W. Hubbard for damages resulting from a collision between his motorcycle and Hubbard’s car allegedly caused by Hubbard’s failure to yield the right-of-way. Hubbard counterclaimed contending Williamson negligently collided with his car.
The case was tried before the court sitting without a jury on February 20, 1981. Judgment was entered on March 2, 1981 in favor of Williamson for the sum of $3,500 and costs. Hubbard filed a motion for new trial alleging newly discovered evidence and an alternative motion for reconsideration. Both motions were denied on April 8, 1981. Hubbard appealed.
The record reveals the following facts. Williamson was on his way to work at approximately 4:30 a. m. on March 4, 1981 when he was involved in a collision with an automobile at the intersection of Highway 14 and Brownwood Road in Elmore County.
The record tends to show that Williamson was riding his motorcycle down Highway 14 toward the intersection of Highway 14 and Brownwood Road. The motorcycle’s headlight was on and he was wearing an orange vest. Hubbard pulled up to a stop sign at this intersection and waited for a couple of cars to pass and then pulled out onto Highway 14. As Hubbard pulled out into the intersection, Williamson hit his car in the vicinity of the right rear passenger door. Williamson was thrown from his motorcycle and had to be taken to the hospital where he was treated and released. Hubbard was not injured.
Williamson testified that he saw Hubbard pull up to the stop sign and stop. Williamson then glanced at his tach gauge and when he looked back up Hubbard had pulled out in front of him and he had no time to stop or avoid a collision. Hubbard testified that he looked both ways after the two cars had passed and he did not see Williamson.
Williamson incurred a serious cut to his left elbow, requiring medical attention. He suffered considerable pain and discomfort.
Williamson lost fourteen days from work which cost him about $722. He also received a doctor’s bill of $415 and a hospital bill of $174. The repair estimate for his motorcycle was $1,222.
The state trooper who investigated the accident testified without objection that in his opinion Hubbard’s vehicle failed to yield the right-of-way to Williamson.
Appellant’s first issue is whether the trial court erred in refusing to view his damaged automobile. In a nonjury case the trial judge has the discretion to make an out-of-court view. Fowler v. Fayco, Inc., 290 Ala. 237, 275 So.2d 665 (1973); Monroe Bond & Mortgage Co. v. State, ex rel. Hybart, 254 Ala. 278, 48 So.2d 431 (1950); Gamble, McElroy’s Alabama Evidence § 208.02 (3d ed. 1977). In the case at bar appellant, after he had rested, made a statement to the trial court that the vehicle damaged in the collision was available for inspection; he did not request the court to view the vehicle. Nevertheless, the trial court declined to do so.
Whether plaintiff in fact requested the court to view the vehicle or whether he merely informed the court that the vehicle was available for viewing is not determinative for the reason that the trial court exercised its discretion and declined to view the automobile. Such action was not an abuse of its discretion, particularly in view of the fact that there was testimony in the record relating to the extent of damage to Hubbard’s vehicle.
The second issue is whether plaintiff’s judgment is supported by the evidence. We find that it is.
*692 Defendant argues that he produced evidence that plaintiff was contributorily negligent and, as a result, the trial court erred in finding for plaintiff.
When a trial court hands down a judgment after hearing a case ore tenus, the findings of the trial court will be presumed correct and the judgment will not be overturned unless plainly wrong and manifestly unjust. Century Plaza Co. v. Hibbett Sporting Goods, Inc., 382 So.2d 7 (Ala.1980).
The evidence was in conflict as to which of the parties caused the collision and whether one party or the other contributed to the collision. The trial court resolved these conflicts by finding that appellant was negligent in causing the collision and did not find that appellee was contributorily negligent. We do not consider such findings to be plainly wrong or manifestly unjust.
Appellant’s final issue concerns the propriety of the trial court’s order overruling the motion for new trial.
The record discloses that the principal ground of the motion concerns statements and admissions allegedly made by plaintiff after the trial that would tend to prove that he negligently contributed to the collision. Appellant argues that he was not afforded a hearing at which he could have proved these allegations, yet he says in.brief that he offered such proof to the court in support of his motion.
The record reflects that the motion was heard and submitted to the court and on April 8, 1981 said motion was denied. There is nothing in the record to indicate that the appellant did not have an opportunity to be heard on his motion, and the record does not reflect that appellant made any objection to the way the motion was handled by the trial court. In this posture of the case we cannot say that the trial court erred in overruling the motion for new trial.
Williamson’s request for damages for frivolous appeal pursuant to Rule 38, ARAP is denied.
For the above noted reasons, the judgment of the trial court is affirmed. AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.