454 So.2d 995 (1984)
W.J. THURMAN
v.
Owen W. THURMAN.
Civ. 4020.
Court of Civil Appeals of Alabama.
April 18, 1984.
Rehearing Denied June 6, 1984.
Certiorari Denied July 27, 1984.
*996 J. Douglas Evans, Florence, for appellant.
Lee B. Osborn, Sheffield, for appellee.
Alabama Supreme Court 83-1040.
BRADLEY, Judge.
This is an action to recover personal property.
Owen Thurman filed an action in the District Court of Colbert County against his son, W.J. Thurman, to recover certain personal property in son's possession. Son filed an answer and counterclaim, asserting his ownership of the property, and demanded that father return certain property taken from the premises and be ordered to pay damages for loss and waste to the property.
After a hearing the district court found for son on father's petition and for father on son's counterclaim, thus granting relief to neither party. Son appealed the ruling against him on the counterclaim to the circuit court for a trial de novo.
On March 23, 1981 son made an oral motion to dismiss the appeal, which the court overruled. On April 1, 1981 father filed a reply to son's counterclaim and on May 24, 1983 son refiled his motion to dismiss the appeal, which the court also denied.
On May 25, 1983 the court conducted a pretrial inspection of son's home and the personalty sought to be recovered.
After an ore tenus hearing on June 10, 1983, the circuit court entered an order awarding certain personalty to son and certain personalty to father, and found in favor of father on son's counterclaim.
Son filed a motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial. The court denied the motion and son appeals.
A review of the evidence shows that the house in question, located at 1111 North Nashville Avenue, Sheffield, Alabama, was sold by father to son in 1964. The deed transferring title of the property to son contained no reference to the ownership of *997 the household furnishings and appliances in the home, but son claims he bought the house and the furnishings.
There was evidence that after the sale father resided in the house occasionally, but that sometime in May 1979 son forced him out of the house. When he left, father took a few of his personal belongings with him and subsequently filed suit to recover the furnishings he left in the house.
The evidence shows that ownership of the property is in sharp dispute. Each party claims ownership of certain articles of personalty and contends he acquired them by purchase, gift or inheritance.
The issues raised here are that the trial court erred in not dismissing the appeal, in allowing a pretrial inspection of the home, in allowing father to amend his complaint, and in permitting a witness to testify as an expert.
In support of his contention that the trial court erred in refusing to allow him to dismiss his appeal, the son relies on rule 41(a)(1) and 41(c), Alabama Rules of Civil Procedure.
Rule 41(a)(1) allows a plaintiff to dismiss his action, without an order of court, provided he has filed his notice of dismissal before service by the adverse party of an answer or motion for summary judgment. Rule 41(c) also provides that a counterclaimant may voluntarily dismiss his counterclaim in the same circumstances as provided by rule 41(a)(1) for plaintiffs.
In the instant case, however, son does not wish to dismiss his action, i.e. his counterclaim; he wants to dismiss his appeal to circuit court. Hence, we do not perceive son's analogy of the disposition of an action or counterclaim pursuant to rule 41 to be applicable in the instant case. We are here concerned with the disposition of an appeal of a case from an inferior court to a superior court for a trial de novo.
Sections 12-12-70 and -71, Code 1975, provide that any party may appeal the final judgment of any case in the district court to the circuit court for a trial de novo.
It has been held that appeals from a justice of the peace court to the circuit court were to be tried de novo, or, in other words, as if no trial had ever been had, and just as if they had originated in the circuit court. Louisville & Nashville Railroad v. Lancaster, 121 Ala. 471, 25 So. 733 (1899). The appeal operates to annul and vacate the entire judgment of the justice of the peace, and not a part only of the judgment. Louisville & Nashville Railroad v. Lancaster, supra.
In Thompson v. City of Birmingham, 217 Ala. 491, 117 So. 406 (1928), the supreme court observed that an appellate court has the inherent authority to dismiss an appeal which had been taken for a review of the trial court's rulings and judgment where the appealing party fails to appear and prosecute. However, where the case is appealed for a trial de novo, a different situation is presented. The court said that in an appeal for a trial de novo the plaintiff is still the actor and it is his duty to bring the case on for trial even though he is not the appealing party.
Applying these principles to the case at bar, we observe that the son's appeal of the district court's judgment had the effect of bringing up to the circuit court the entire judgment of the district court, not just the ruling on the counterclaim. This means that the case was to be retried completely in the circuit court. The father was required to prosecute his complaint and the son was required to prosecute his counterclaim. The case could be tried on pleadings filed in the district court or amendments could be made to those pleadings or additional pleadings could be filed in the circuit court. Vinyard v. Republic Iron & Steel Co., 205 Ala. 269, 87 So. 552 (1921).
The case at bar was tried in the circuit court in just this manner. The father presented his case and the son presented his case and the court thereupon rendered a judgment.
We do not find that the circuit court committed reversible error in refusing to allow son to dismiss his appeal of the district court's judgment.
*998 The son's next contention is that the circuit court erred in conducting a pretrial inspection of the property in question.
On May 25, 1983 a pretrial inspection of son's home was conducted so that the court could determine which items of personalty were in dispute as to ownership. Both father and son were present at the viewing, along with their attorneys, the judge, and the court reporter. Father was sworn to testify by the court. During the inspection the court went through the house and questioned father about the items of personalty he claimed were his. Father testified that some of the furnishings that were in the house when he left were missing at the viewing, and there was also testimony that father had removed some items from the house.
In Alabama, in a nonjury case, a trial judge has the discretion to conduct an out-of-court view of evidence. Monroe Bond & Mortgage Co. v. State, ex rel. Hybart, 254 Ala. 278, 48 So.2d 431 (1950); Hubbard v. Williamson, 404 So.2d 690 (Ala.Civ.App.1981); see also C. Gamble, McElroy's Alabama Evidence § 208.02 (3d ed. 1977). Moreover, the court may view the premises without the parties; however, it is desirable that the parties and their attorneys be present at the viewing. Mutual Service Funeral Homes v. Fehler, 257 Ala. 354, 58 So.2d 770 (1952); Adalex Construction Co. v. Atkins, 214 Ala. 53, 106 So. 338 (1925). And, the presumption of correctness that attaches to a trial court's finding upon evidence in sharp dispute is strengthened where the court visits the premises involved before making its findings of fact. Fowler v. Fayco, Inc., 290 Ala. 237, 275 So.2d 665 (1973).
In the instant case the trial court conducted the viewing in order to see the various items of personalty being claimed by the parties. Such a viewing would aid the court in making its decision as to the ownership of the property. Thus, we find no merit in son's contention that it was error for the court to inspect the premises. Nor is there any merit in the contention that it was error for the court to elicit testimony from witnesses during the inspection, as it appears that adequate procedural safeguards were taken during the viewing, i.e. the witnesses were sworn and opportunity for cross-examination was given.
Son further contends that the trial court abused its discretion in granting, one day before trial, father's motion to amend, which added two counts to include the value of certain personalty missing at the inspection. Son was ordered to answer the amended complaint in open court. Rule 15(a), A.R.Civ.P.
"ARCP 15 expressly provides that amendments should be freely allowed when justice so requires; and our rule regarding amendments is that Rule 15 should be liberally construed within the sound discretion of the trial judge. Alabama Farm Bureau Mutual Casualty Insurance Co. v. Guthrie, 338 So.2d 1276 (Ala.1976). The party opposing the amendment must show that the amendment would cause actual prejudice or undue delay in order to bar an amendment. Miller v. Holder, 292 Ala. 554, 297 So.2d 802 (1974); Poston v. Gaddis, 372 So.2d 1099 (Ala.1979)."
Bracy v. Sippial Electric Co., 379 So.2d 582 (Ala.1980). And, where an amendment merely adds an additional theory based upon the same set of facts in previous pleadings, no prejudice is worked upon the other party. Employers Casualty Co. v. Hagendorfer, 393 So.2d 999 (Ala.1981); Bracy, supra; rule 15(b), A.R.Civ.P. We cannot say that son suffered actual prejudice or that the trial would have been unduly delayed by allowing the amendment; therefore, the court did not abuse its discretion in allowing it.
Son's final contention is that the trial court erred in allowing Evelyn Hall to testify as an expert in regard to used silverware.
The record shows that Evelyn Hall has been employed at a jewelry store in Florence, Alabama for fifteen years and that she sells mostly new silverware but also *999 disposes of used silverware. At trial Ms. Hall was allowed to testify as to the value of a used set of sterling silverware as the result of a hypothetical question which had been propounded to her. Son argues this was error. We disagree.
Where the opinion of an expert is elicited, the proper test to determine his qualifications is whether his knowledge of the matter would probably aid the trier of fact in its determination of the truth, Glaze v. Tennyson, 352 So.2d 1335 (Ala.1977), or if the witness has some special experience which enables him to form a more reliable opinion than the average person. C. Gamble, McElroy's Alabama Evidence § 127.01(5) (3d ed. 1977). Whether a particular witness will be allowed to testify as an expert is a matter within the sound discretion of the trial court and will not be disturbed absent palpable abuse. Burroughs Corp. v. Hall Affiliates, Inc., 423 So.2d 1348 (Ala.1982). Moreover, should an expert be without firsthand knowledge concerning data upon which his opinion is sought, the data may be supplied to him in the form of a hypothetical question. Defense Ordinance Corp. v. England, 52 Ala.App. 565, 295 So.2d 419 (Ala.Civ.App. 1974).
In the case before us, the trial court determined that Ms. Hall was qualified to give her opinion as to the value of used silverware. It cannot be said that the trial court abused its discretion by admitting such evidence.
Appellee's motion to dismiss the appeal to this court because it was frivolous is denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.

On Rehearing
BRADLEY, Judge.
In brief in support of his application for rehearing, appellant urges the reconsideration of that part of our decision finding there was no error for the trial court to inspect the premises or to elicit testimony from witnesses during the inspection.
Appellant argues that this court erred in allowing the inspection for two reasons: (1) that the viewing should have been conducted during the trial of the case and not as part of the pretrial procedure, and (2) that no testimony should have been taken at the viewing. He relies on the following quote from C. Gamble, McElroy's Alabama Evidence § 208.01 (3d ed. 1977), which states:
"A view is limited to a mere inspection of the place or thing stipulated and no testimony may be taken at an out of court view." (Footnote omitted; emphasis added.)
However, the protection afforded by this section applies primarily to jury views and, in particular, to criminal cases. § 208.01; Kilgore v. State, 19 Ala.App. 181, 95 So. 906 (1923).
In the instant case the proceedings were held before a trial judge and not a jury. Although inspection of the property was an outgrowth of a pretrial hearing and was not part of the actual trial, both parties had notice of the inspection and, in fact, were present at the inspection along with their attorneys. And, although father did testify as to his ownership of the items, he was sworn to testify by the trial court, opportunity for cross-examination was given, and a court reporter was present to transcribe the testimony. As there were proper safeguards taken to assure that a fair trial would be had, we see no prejudice to either party in respect to the actions taken at the inspection, notwithstanding that the viewing was had before the trial proper. See, Meyer v. Short, 104 N.H. 328, 186 A.2d 146 (1962); Yeary v. Holbrook, 171 Va. 266, 198 S.E. 441 (1938).
In at least one state a witness can point out and explain the property to be viewed and can even be questioned about the property. Poteete v. City of Water Valley, 207 Miss. 173, 42 So.2d 112 (1949). The Alabama Rules of Civil Procedure permit inspection of property as part of the discovery process. Rule 34(a). Consequently, we do not find that the appellant's rights *1000 have been so prejudiced by the inspection of the premises in question and the interrogation of his father during that inspection relative to the ownership of certain items of personal property as to require a reversal of this case. All of the safeguards necessary for a fair trial were adhered to at the inspection and we, therefore, can find no prejudice resulting from it.
OPINION EXTENDED.
APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P.J., and HOLMES, J., concur.