In brief in support of his application for rehearing, appellant urges the reconsideration of that part of our decision finding there was no error for the trial court to inspect the premises or to elicit testimony from witnesses during the inspection.
Appellant argues that this court erred in allowing the inspection for two reasons: (1) that the viewing should have been conducted during the trial of the case and not as part of the pretrial procedure, and (2) that no testimony should have been taken at the viewing. He relies on the following quote from C. Gamble, McElroy's Alabama Evidence § 208.01 (3d ed. 1977), which states:
 "A view is limited to a mere inspection of the place or thing stipulated and no testimony may be taken at an out of court view." (Footnote omitted; emphasis added.)
However, the protection afforded by this section applies primarily to jury views and, in particular, to criminal cases. § 208.01; Kilgore v. State, 19 Ala. App. 181, 95 So. 906 (1923).
In the instant case the proceedings were held before a trial judge and not a jury. Although inspection of the property was an outgrowth of a pretrial hearing and was not part of the actual trial, both parties had notice of the inspection and, in fact, were present at the inspection along with their attorneys. And, although father did testify as to his ownership of the items, he was sworn to testify by the trial court, opportunity for cross-examination was given, and a court reporter was present to transcribe the testimony. As there were proper safeguards taken to assure that a fair trial would be had, we see no prejudice to either party in respect to the actions taken at the inspection, notwithstanding that the viewing was had before the trial proper. See, Meyer v. Short,104 N.H. 328, 186 A.2d 146 (1962); Yeary v. Holbrook, 171 Va. 266, 198 S.E. 441 (1938).
In at least one state a witness can point out and explain the property to be viewed and can even be questioned about the property. Poteete v. City of Water Valley, 207 Miss. 173,42 So.2d 112 (1949). The Alabama Rules of Civil Procedure permit inspection of property as part of the discovery process. Rule 34 (a). Consequently, we do not find that the appellant's rights *Page 1000 
have been so prejudiced by the inspection of the premises in question and the interrogation of his father during that inspection relative to the ownership of certain items of personal property as to require a reversal of this case. All of the safeguards necessary for a fair trial were adhered to at the inspection and we, therefore, can find no prejudice resulting from it.
OPINION EXTENDED.
APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P.J., and HOLMES, J., concur.