THIGPEN, Judge.
The appellant, Briggs Dillard, brought an action in district court against Jeffery and Huey Gilmore and Ramona Pinkard, following an automobile accident. Fannie Pin-kard was subsequently added as a defendant.
At trial the evidence was disputed as to whether it was the Gilmores or Pinkards who had caused the damage to Dillard. Judgment was entered in favor of Dillard and against the Pinkards in the amount of $5000. At the same time, judgment was also entered in favor of the Gilmores and against Dillard. The Pinkards filed a timely notice of appeal to the circuit court for a trial de novo from the judgment of the district court in favor of Dillard. Neither Dillard nor the Gilmores filed any notice of appeal with the circuit court and no notice of the Pinkards’ appeal was ever served on the Gilmores.
The Pinkard appeal is currently pending in circuit court. As a part thereof, Dillard served the Gilmores with an amended complaint, attempting to bring them into the action. The Gilmores filed a motion to dismiss and to quash service and for clarification of appeal, alleging that Dillard failed to appeal the judgment of the district court in favor of the Gilmores in a timely manner and therefore that the amendment to the complaint was due to be dismissed and service quashed. The circuit court entered an order dismissing the Gilmores from the circuit court action on the grounds that Dillard’s failure to appeal the district court’s judgment in favor of the Gilmores operated as a severance as to them. Dillard appeals.
The dispositive issue in this appeal is whether an appeal to the circuit court by a co-defendant in district court, against whom a judgment was entered, operates against another co-defendant, who had a judgment entered in his favor, in such a way as to make him a party to the new action.
Section 12-12-71, Ala.Code 1975, provides that, “... all appeals from final judgments of the district court shall be to the circuit court for trial de novo.” Dillard cites Thurman v. Thurman, 454 So.2d 995 (Ala.Civ.App.1984), to the effect that an appeal for a trial de novo operates to bring all parties and issues that had been before the district court before the circuit court. The specific language in Thurman is as follows: “... the son’s appeal of the district court’s judgment had the effect of bringing up to the circuit court the entire *211 judgment of the district court, not just the ruling on the counterclaim. This means that the case was to be retried completely in the circuit court.” Thurman, 454 So.2d at 997. Though the facts in Thurman are distinguishable from the instant case in that, in Thurman, there was only one defendant, the appeal to the circuit court in the instant case has the effect of bringing up to the circuit court the entire judgment of the district court, which requires that the Gilmores be parties to the circuit court action.
The Gilmores contend that Dillard was certainly free to appeal the district court’s judgment against him and in favor of the Gilmores in accordance with § 12-12-70(a), Ala.Code 1975, but he declined to do so. As a result, the Gilmores argue that they are now dismissed altogether. We do not agree. Dillard had his judgment; he had no reason to appeal. The difficulty with the position advanced by the Gilmores becomes obvious when one considers the plight of the successful plaintiff who has his judgment appealed by a losing code-fendant on the last day, at the last minute, of the fourteen days allowed for an appeal; he is left without the option to appeal in a case where he could have seen no reason to appeal, given that he had already been awarded what he sought. We share Dillard’s concern that to hold otherwise, to allow the Gilmores to be dismissed, would open a Pandora’s box of legal problems, forcing successful plaintiffs to file multiple appeals to ensure they can maintain judgments already awarded.
Thurman, supra, requires that, in an appeal from a district court’s judgment, the entire judgment of the district court be brought up before the circuit court. In the instant case, for the entire judgment of the district court to be before the circuit court necessitates the involvement of both the Pinkards and the Gilmores.
For the reasons given above, we reverse the circuit court’s order dismissing Dillard’s complaint, as amended, so as to include the Gilmores as parties in the circuit court action, and order the Gilmores to answer and to stand trial.
REVERSED AND REMANDED WITH INSTRUCTIONS.
RUSSELL, J., concurs.
ROBERTSON, P.J., dissents.