ROBERTSON, Presiding Judge,
specially concurring in result only.
I concur in the result only, because of § 12-3-16, Code 1975, which provides that this court’s holdings and decisions are governed by the decisions of the supreme court.
In an earlier proceeding in this case, this court, in issuing a writ of mandamus which, inter alia, allowed the minor child to intervene in the circuit court action, held that:
“The minor child had a clear legal right to be a party to this paternity action and to be adequately represented. The circuit court was given the opportunity to remedy this inequitable situation. It refused. Mandamus is clearly appropriate here to correct the inequitable treatment the child has received and to end the injustice of failing to consider her interests. Those interests were the most paramount in this case to determine her paternity and right to support.
“The child is to be included as a party in the adjudication of paternity in the circuit court, and the circuit court is ordered to appoint a guardian ad litem to represent the child’s interests.”
Ex parte V.B.N., 587 So.2d 420, 422-23 (Ala.Civ.App.1991). However, our supreme court granted a writ of mandamus directed to this court, wherein it stated that the trial judge found that the minor child
“failed to perfect an appeal within 14 days as required by the Alabama Uniform Parentage Act, Ala. Code 1975, § 26-17-20_ [Tjherefore, ... she was barred from participation in the action in the circuit court.”
Ex parte W.Y., 605 So.2d 1175, 1177-78 (Ala.1992). The supreme court also held:
“The Court of Civil Appeals erred ... in directing [the circuit court] ... to ... (2) allow [the minor child] to be made a party to the circuit court action; [and to] (3) appoint her a guardian ad litem to represent her interests.... ”
Ex parte W.Y. at 1178.
Apparently, our supreme court has held that if either the mother or the putative father appeals to circuit court for trial de novo, then the minor child must file a notice of appeal also, or the child will be barred from participating in the de novo proceedings. However, our supreme court denied certiorari in Thurman v. Thurman, 454 So.2d 995 (Ala.Civ.App.1984), and Dillard v. Gilmore, 607 So.2d 209 (Ala.Civ.App.1991). In Thurman this court held that “appeals ... to the circuit court were to be tried de novo, or, in other words, as if no trial had ever been had, and just as if they had originated in the circuit court.” Thurman at 997. In Dillard the majority of this court held that an appeal to circuit court necessitated the involvement of all the parties in the trial de novo in circuit court.
To hold that the minor child, the center of controversy in a paternity case, does not go up to circuit court as a party for a trial de novo, is akin to “throwing the baby out with the bath water.”
The fair and just resolution of this matter would be to allow the participation of the minor child in the de novo proceedings in circuit court; to appoint her a guardian ad litem to represent her interests; to order blood testing as provided for by § 26-17-12(a), Code 1975, if requested; and to make the results thereof available to the factfinder. However, § 12-3-16, Code 1975, and Ex parte W.Y., supra, require the result reached in this case by this court.